JOHN A. GORDON, Respondent, *v.* ABRAM BECKER and Others, Appellants.

*Illegal tax assessment — adjoining land of the same owner in each of two adjacent towns — question of residence — conflict of facts — liability of the assessors.*

In an action of trespass brought against town assessors personally to recover damages for the seizure of the plaintiff's property for the collection of an alleged illegal tax assessed upon land of the plaintiff situated in the assessors' town, which adjoined a farm of the plaintiff in an adjoining town in which he claimed that he resided, there was a conflict of evidence as to which town the plaintiff resided in.

*Held,* that such conflict must be settled by the jury ;

That the decision of the assessors upon the question of residence, and their consequent claim of jurisdiction, were not conclusive.

APPEAL by the defendants, Abram Becker and others, from a judgment of the County Court of Schoharie county, entered in the office of the clerk of that county on the 13th day of January, 1890, affirming, on appeal, a judgment of a Justice's Court in favor of the plaintiff.

*A. B. Coons,* for the appellants.

*G. M. Palmer,* for the respondent.

PER CURIAM:

This was an action of trespass brought by the plaintiff against the defendants, who were acting as assessors for the town of Sharon, Schoharie county, and who, as such, assessed eighty acres of land belonging to the plaintiff, in the town of Sharon, the same being lands adjoining the farm of the plaintiff, located in the adjoining town of Carlisle, in which the plaintiff alleged that he resided, and under said assessment, the plaintiff was taxed for such eighty acres in the town of Sharon and a warrant issued to the collector of said town by the board of supervisors for the collection of such tax, under which the collector seized and sold the plaintiff's property.

The defendants in their answer alleged that the assessment was made by virtue of their office as assessors, and that the land was properly assessed in the town of Sharon, and justified their acts as assessors.

On the trial the evidence disclosed that the plaintiff owned a farm in the town of Carlisle, the dwelling house of which was situated partly in Sharon and partly in Carlisle, in which the plaintiff resided; that he subsequently purchased the eighty acres on which the assessment was made in the town of Sharon, and that he occupied it in connection with his farm in Carlisle, except a small portion, which was rented to be worked on shares; that his alleged residence was in Carlisle, and that he voted in that town, and for several years had held office therein.

On these facts the jury found that the plaintiff resided in the town of Carlisle, and that the eighty acres owned by him in the town of Sharon were occupied as a part of his adjoining farm in the town of Carlisle, and rendered a verdict in favor of the plaintiff for the value of the property taken, upon which the justice entered a judgment from which an appeal was taken to the County Court, where the judgment was affirmed.

The main question in this case is, whether the assessors of the town of Sharon, upon these facts, had any jurisdiction of the plaintiff or of the lands assessed by them, upon which they were called to exercise their *quasi* judicial functions in making this assessment? As an original proposition, we are strongly inclined to the opinion, if we were permitted to examine and decide the question of fact as an original one, that they had such jurisdiction.

The facts that the line ran through the plaintiff's house; that a portion of the house occupied by him as a residence was in the town of Sharon, and that the premises purchased by plaintiff in Sharon were separated by a highway from the premises in Carlisle, left the question so much in doubt as to call upon the assessors to exercise some judgment in determining whether or not the land was assessable in Sharon, but as that question was submitted to the jury as a question of fact and passed upon by them, their finding, we think, within the decision referred to by the learned county judge, should not be disturbed on this appeal.

The law seems well settled that in a disputed controversy like this, where there is any conflict of facts, that conflict must be settled by the jury. (*Dorn* v. *Backer*, 61 N. Y. 261.)

In that case it was held that where a farm, the whole of which is occupied by the owner, and which lies partly in each of two adjoining towns, is assessed by the assessors of the town in which the owner or occupant does not reside, the assessment and tax founded thereon were illegal and void, and the assessors were personally liable for damages resulting therefrom ; that the decision of the assessors upon the question of residence and their consequent jurisdiction, is not conclusive, but is open to review, and, where the evidence thereon is conflicting, it is a question of fact for the jury. The learned county judge felt constrained to follow that decision in affirming the judgment in this case.

We think his conclusion under that case, and other authorities of similar character, was correct, and the judgment must be affirmed.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment of the Justice's and County Court affirmed, with costs.