under the evidence in the case, a question of fact for the trial court. On that question we are unable to hold that he did not reach a correct conclusion. (*Fifth Nat. Bank of Providence* v. *Navassa Phosphate Co.,* 119 N. Y. 256; *Marine Bank of Buffalo* v. *Butler Colliery Co.,* 23 N. Y. St. Repr. 318; 125 N. Y. 695; *Kraft* v. *Freeman Print. & Pub. Asso.,* 87 id. 628.) The liability of defendant to Van Natta, if any, arose at the time the loan was made. The fact that afterwards and after Van Natta had commenced an action against defendant, he was uncertain whether or not Burton was authorized to make the loan and accepted his money from plaintiff, does not, we think, in any manner affect the liability of defendant. At the most the transaction shows that Van Natta was in doubt as to such liability. The judgment should be affirmed, with costs. Mayham, P. J., and Herrick, J., concurred.

Annie Taylor, Appellant, v. Stephen Taylor, Respondent. — Judgment affirmed, with costs.— Appeal by the plaintiff, Annie Taylor, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 3d day of July, 1893, upon the report of a referee dismissing the plaintiff's complaint upon the merits and for costs.—

HERRICK, J.: I have examined the findings of the referee, and the evidence in this case, and his findings seem to be abundantly supported by the evidence. I am inclined to think that an error was committed by him in refusing to admit the evidence offered, but in view of all the testimony, it seems to me that if such evidence had been admitted, it ought not to change the result. The behavior of the plaintiff was such as to provoke harsh treatment of her by the defendant. The judgment should be affirmed, with costs. Mayham, P. J., and Putnam, J., concurred.

The Albany County Bank, Respondent, v. Jonathan T. Rider, Appellant. — Judgment affirmed, with costs. — PUTNAM, J.: The facts in this case are substantially the same as in the case of the same plaintiff against the same defendant already considered by this court. The order should be affirmed, with costs. Mayham, P. J., concurred; Herrick, J., not acting.

Charles N. Williams, Plaintiff, v. Nathaniel C. Boynton, as County Clerk, etc., Defendant.— Motion for leave to go to the Court of Appeals granted. No opinion.

John A. Gordon, Plaintiff, v. Abram Becker and Others, Defendants. — Motion for leave to go to the Court of Appeals denied, without costs. No opinion.

## FIRST DEPARTMENT, DECEMBER TERM, 1893.

James J. Belden, Appellant, v. Stevenson Burke and Others, Respondents.— Motion denied, with ten dollars costs.

Hannah Kennedy, as Administratrix, etc., Plaintiff, v. The Manhattan Railway Company, Defendant.— Motion denied, with ten dollars costs.

Rene J. Lecomte, Plaintiff, v. Jeanne Claire Angele Langier éponse Ode, sued as Angele Ode Langier, Defendant.— Motion dismissed.

Henry E. Wessels and Another, Respondents, v. Gustavus A. Boettcher, Appellant.— Order reversed, with ten dollars costs and printing disbursements, and the motion to vacate the attachment granted, with ten dollars costs, unless the plaintiffs, within twenty days, pay the costs taxed in the action brought by Girard Wessels and another against the same defendant, in which case order affirmed, without costs to either party.

Jennie B. Woolley, Respondent, v. William Buhler, Jr., Appellant.— Motion denied, with ten dollars costs.

A. J. Seasongood and Others, Respondents, v. James A. Fleming, Appellant. — Order reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.— PER CURIAM: The title of the action would indicate that it was brought to charge the defendant individually, but a reading of the allegations of the complaint would seemingly support a cause of action against either the Territory of Arizona or against the defendant as Treasurer of that Territory, and as the inconsistency thus created might produce confusion and injury if the election which the plaintiffs should make were left until the trial, we think it was but right that, instead of leaving the defendant to guess in what capacity he was sued, the plaintiff should be compelled to make the complaint definite by a proper allegation as to whether he intends to charge the defendant personally or officially. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dol-

lars costs. Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Edward A. Morrison, Appellant, v. The Metropolitan Elevated Railway Company and Others, Respondents. Actions Nos. 2, 3 and 4.

George G. Moore and Others, Appellants, v. The Same Respondents. — Order reversed, with ten dollars costs and disbursements, and the motion denied with ten dollars costs. — PER CURIAM: Section 1011 of the Code requires a reference to be ordered "upon the consent of the parties, manifested by a written stipulation signed by their attorneys and filed with the clerk." And rule 11 of the General Rules of Practice provides that no oral agreement entered into between the attorneys or counsel for the parties shall be binding. It is conceded that no written stipulation signed by the attorneys has been filed here, nor do we find any agreement between the parties which is evidenced by a writing sufficient to bind them. All that appears is that negotiations were pending looking towards a reference of these cases, and before the referee was selected, or the particular cases in which a reference was to be had was agreed upon, the plaintiffs terminated the negotiations by withdrawing their consent. Under these circumstances, whatever criticism might be indulged in as to their good faith in withdrawing it after a verbal understanding had been reached, it was the exercise of a legal right which should not, against their consent, be interfered with. Our conclusion, therefore, is that the order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Phoenix Manufacturing Corporation, Respondent, v. Everett D. Barlow, Appellant. — Order affirmed, without opinion, with ten dollars costs and disbursements.

Annie Butler, Appellant, v. James R. Townsend and Others, Respondents. — Order affirmed, without opinion, with ten dollars costs and disbursements.