ANNA BOHMERT, Appellant, *v.* WILLIAM R. BOHMERT, Respondent.

**Husband and wife — abandonment — action for separation — evidence — testimony of offers to return competent in separation action for abandonment — conclusiveness of evidence of intention of wife to abandon husband — proper refusal to give weight to offer to return made eight months after departure — duty of husband when wife has abandoned him and thereafter offers to return — sufficient offer of reconciliation — offer of wife to return must be made in good faith within reasonable time — testimony of facts and circumstances always competent on question as to what is reasonable — letter written by plaintiff to husband on occasion of previous separation not objectionable as confidential communication.**

1. Evidence of offers to return is properly received in a separation action for abandonment as bearing on the question of abandonment or temporary absence and the question of the right to return after an abandonment.

2. Departure from the home, followed by the commencement of an action on charges afterwards withdrawn, may be evidence bearing on a wife's intention to abandon her husband, but it is not conclusive. It is her privilege to change her mind, drop her charges and ask her husband to receive her. Her conduct amounts to abandonment only if it is persistent and obstinate. Where, however, for eight months after plaintiff left her husband she made no offer to return although he had offered to receive her, the court correctly refused to give weight to the plaintiff's offer to return made that long after her departure and was justified in finding an abandonment on the date thereof.

3. Offers to return made after the cause of action for abandonment has accrued, are of no avail where the husband has in good faith indicated his willingness that the wife should live with him and she has unreasonably refused. When the wife leaves the husband and without justification brings an action against him for separation, the husband's marital duty to her is reduced towards a minimum. A formal offer of reconciliation in the course of the action may be enough. It is not his duty to pay court to an unrepentant wife to induce her to return.

4. No period of absence as a prerequisite to an action for abandonment is prescribed by the statute (Civ. Pr. Act, § 1161). The offer

or consent to return after a departure with the intention of not returning, to be effective, must, therefore, be made in good faith within a reasonable time after departure or at least after the husband's offer to receive the wife. What is reasonable will depend on the circumstances of the case and the conduct of the parties; consequently the facts and circumstances are always competent evidence on the question.

5. A complaint that a letter written to her husband by plaintiff on the occasion of a previous separation was improperly considered as evidence of a prior abandonment for the reason that it was a confidential communication between husband and wife, cannot be sustained. It was not a confidential communication induced by the marriage relation but was a statement characterizing an act and thus evidence of the act of abandonment and it was not offered as evidence in chief but only to contradict plaintiff's evidence that when she left her husband on that occasion she intended to return. Furthermore, the error, if any, was not substantial as to the issues actually decided.

*Bohmert* v. *Bohmert*, 213 App. Div. 103, affirmed.

(Submitted December 11, 1925; decided January 12, 1926.)

APPEAL from a judgment, entered June 5, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a dismissal of the defendant's counterclaim which, with the reply thereto, presented the only issue tried, the complaint having been dismissed for failure of proof, and directing judgment in favor of defendant upon said counterclaim.

*William O. Gennert* for appellant. The trial court and the Appellate Division erred in admitting in evidence the wife's letter to her husband relating to her going to Buffalo on October 1, 1921, over plaintiff's objections and exception. (*Stillman* v. *Stillman*, 187 N. Y. Supp. 383; *Fuller* v. *Fuller*, 177 Mass. 184; *People* v. *Kodat*, 158 Mo. 25.) The Appellate Division erred in excluding as a matter of law from the evidence the testimony of the various offers of the wife to return to her husband and in vacating the findings of fact on this point of the trial

court. (*McCutcheon* v. *McGahey*, 11 Johns. 281; *Mc-Gahey* v. *Williams*, 12 Johns. 293; *Pearson* v. *Pearson*, 230 N. Y. 141; *Blowers* v. *Sturtevant* 4 Den. 46; *Allers* v. *Allers*, 194 App. Div. 96; *Giebert* v. *Giebert*, 5 Misc. Rep. 557; *Sturm* v. *Sturm*, 80 Misc. Rep. 277; *Raischfield* v. *Raischfield*, 100 Misc. Rep. 561; *Harlow* v. *Harlow*, 204 N. Y. Supp. 128; *Ruckman* v. *Ruckman*, 58 How. Pr. 278; *Bell* v. *People*, 6 Hun, 302; *Barlow* v. *Barlow*, 2 Abb. [N. S.] 259; *Wendling* v. *Wendling*, 134 N. Y. Supp. 55; *Finkelstein* v. *Finkelstein*, 174 App. Div. 416.) The Appellate Division erred as a matter of law in finding that there was a desertion of the husband by the wife on June 18, 1923, when the uncontradicted evidence shows that at that time the parties had already separated and had ceased cohabitation, thereby rendering further separation impossible. (*People ex rel. Comrs. of Charities, etc.*, v. *Cullen*, 153 N. Y. 629; *Fitzgerald* v. *Fitzgerald*, L. R. [1 P. & D.] 684.)

*Henry Goldstein* and *Samuel Gottlieb* for respondent. The finding of the Appellate Division that the plaintiff abandoned the defendant on June 18, 1923, is supported by the overwhelming weight of the evidence. The defendant's right to a judgment of separation by reason thereof could not be defeated by plaintiff's offers to return made long after the commencement of this action. (*Weaver* v. *Pacific Improvement Co.*, 234 N. Y. 418; *Frank* v. *Von Bayer*, 236 N. Y. 473; *Williams* v. *Williams*, 130 N. Y. 193; *Uhlmann* v. *Uhlmann*, 17 Abb. [N. C.] 236; *People* v. *Crouse*, 86 App. Div. 352; *Cargill* v. *Cargill*, 1 Sw. & Tr. 235; *Cudlipp* v. *Cudlipp*, 1 Sw. & Tr. 229; *Basing* v. *Basing*, 3 Sw. & Tr. 516; *Murray* v. *McLaughlin*, 1 Scotch Sess. Cas. [2d Ser.] 294; *Winchcombe* v. *Winchcombe*, 8 Scotch Sess. Cas. [4th Ser.] 726; *Muir* v. *Muir*, 6 Scotch Sess. Cas. [4th Ser.] 353.) No error was committed by the admission in evidence of the wife's letter to her husband. (*Fowler* v. *Fowler*, 11 N. Y. Supp. 419;

*Norris* v. *Lee*, 136 App. Div. 685; *Sheldon* v. *Sheldon*, 146 App. Div. 430; *Warner* v. *Press Publishing Co.*, 132 N. Y. 181; *Woodrick* v. *Woodrick*, 141 N. Y. 457; *Aldrich* v. *Ætna Life Ins. Co.*, 204 N. Y. 83; *Larkin* v. *Nassau El. R. R. Co.*, 205 N. Y. 267; *Donovan* v. *Alliance Electric Co.*, 191 App. Div. 303.) The Appellate Division properly held that the Special Term erred in receiving evidence of offers to return made by plaintiff long after the commencement of this action. (3 Abb. Tr. Ev. [3d ed.] 2041; *Smith* v. *Smith*, 90 N. Y. Supp. 927; *Averett* v. *Averett*, 189 App. Div. 250; 232 N. Y. 519; *Ferrier* v. *Ferrier*, 4 Edw. Ch. 296.)

POUND, J. This is an action for a separation. The parties hereto had had numerous unhappy differences and dissensions which culminated in an altercation over a woman who had been brought by the wife into their home as an investigator or detective under the false pretense that she was a friend of the wife whom the husband had previously met. The husband ordered the woman out of the house on the day she arrived. Obviously she had been brought in to be a witness for the wife. Plaintiff in a rage left with her. This was on June 18, 1923. On June 21, three days thereafter, she commenced this action. The complaint alleges numerous acts of alleged cruel and inhuman treatment. The answer denies the material allegations of the complaint and alleges that plaintiff abandoned defendant on June 18. The reply denies the abandonment and justifies the departure of the wife as being due to the conduct of the husband.

On June 29 a motion for temporary alimony was heard. Defendant in his affidavit in opposition stated that "his home is now ready for her" and, therefore, asked that the motion be denied. The motion was denied. On March 28, 1924, plaintiff made a motion for leave to discontinue the action which was denied.

29

When the case came on for trial on April 24, 1924, the trial court dismissed the complaint for failure of plaintiff to present any proof in support of its allegations. The plaintiff made no attempt to establish her cause of action. The findings are to the effect that plaintiff left the house temporarily, with the intention of returning thereto; that defendant's offer on the motion for alimony to take her back was made in bad faith to defeat the motion; that on February 26, 1924, eight months after bringing suit, she offered to return to his home, but the offer was rejected on the ground that she had made an irrevocable election by commencing this action (this offer was, however, in the form of a formal demand on the husband made by the wife's attorneys); that the offer to return was renewed by plaintiff's attorneys both at the opening of the trial and at the conclusion of defendant's case and at the conclusion of the entire case, but was refused; that by so refusing defendant had deserted plaintiff. The counterclaim of the defendant for a separation on the ground of desertion was dismissed. Both complaint and counterclaim having been dismissed, no legal separation was decreed.

From the judgment entered on this decision defendant appealed. The Appellate Division struck out the foregoing findings and made new findings. It found that the defendant's offer on the motion for alimony to take plaintiff back was made in good faith and that plaintiff refused to accept it; that plaintiff left defendant on June 18, but it made no finding as to her intention to return at that time. It omitted all findings as to plaintiff's offers to return, except to find that for nearly eight months and until February, 1924, plaintiff made no offer to return to defendant. It properly struck out the finding that defendant deserted plaintiff by reason of his refusal to receive her back on her offer to return as not within the issues. In the opinion it is said that the Special Term erred in receiving evidence of plaintiff's

belated offers to return home made long after the action was brought. A decree of separation against plaintiff for her abandonment of defendant on June 18, 1923, was granted.

The decision thus made appears to rest on the proposition of law that when a wife leaves her husband without legal justification and begins an action of separation against him for cruel and inhuman treatment her election to return to him must be promptly made or evidence thereof will not be relevant on her defense to his counterclaim of abandonment. In making its findings, however, the Appellate Division has proceeded as if this evidence, although in the case, was of no probative force. The rule of law in the opinion is too broadly stated. Evidence of offers to return is properly received in a separation action for abandonment as bearing on the question of abandonment or temporary absence and the question of the right to return after an abandonment.

Although the rule has been generalized as holding that desertion " contemplates a voluntary separation of one party from the other without justification, with the intention of not returning " (*Williams* v. *Williams*, 130 N. Y. 193, 197), it has not been held that the mere departure of one spouse from the other with the present intention of not returning is in and of itself a finality which entitles the other party to a decree.

The right of the wife to return after leaving her husband was recently considered in *Silberstein* v. *Silberstein* (218 N. Y. 525). Following the reasoning in that case, the first question to be considered is whether, as between mere temporary absence and intent to abandon, the evidence sustained a conclusion of abandonment. If the wife's absence is a temporary one which has not ripened into an abandonment at the time she offers to return, it is the husband's duty to take her back. Departure from the home, followed by the commencement of an action on charges afterwards withdrawn, may

be evidence bearing on a wife's intention to abandon her husband, but it is not conclusive on the rights of the parties. It is her privilege to change her mind, drop her charges and ask her husband to receive her. Her conduct amounts to abandonment only if it is persistent and obstinate. But for eight months after plaintiff left her husband she made no offer to return although her husband had offered on the alimony motion to receive her. The Appellate Division was justified in finding an abandonment on June 18, 1923.

The question then arises as to the duty of the husband when the wife has actually abandoned him and thereafter offers to return, as plaintiff offered to do on the trial in April, 1924. The court said in the *Silberstein* case: " What his [the husband's] duty was if there had been an abandonment, we do not now decide," nor need we now attempt to formulate a general definition of duty applicable to all cases. The rule seems well established that offers to return made after the prescribed period, *i. e.*, after the cause of action for abandonment has accrued, are of no avail where the husband has in good faith indicated his willingness that the wife should live with him and she has unreasonably refused. When the wife leaves the husband and without justification brings an action against him for separation, the husband's marital duty to her is reduced towards a minimum. A formal offer of reconciliation in the course of the action may be enough. Both parties are permitted to preserve their self respect. If the husband has not a " right to require his wife, even when she is in the wrong, to crawl back to him " (*Newing* v. *Newing*, 45 N. J. Eq. 498), neither is it his duty to pay amorous court to a rebellious and unrepentent wife to induce her to return. (*Cargill* v. *Cargill*, 1 Sw. & Tr. 235; *Hall* v. *Hall*, 60 N. J. Eq. 469; 65 N. J. Eq. 709.)

Civil Practice Act, section 1161, prescribes no period of absence as a prerequisite to an action for abandonment. The offer or consent to return after a departure with the

1926.] Opin'on, per POUND, J. [241 N. Y. 446]

intention of not returning, to be effective, must, therefore, be made in good faith within a reasonable time after departure or at least after the husband's offer to receive the wife. What is reasonable will depend on the circumstances of the case and the conduct of the parties. If a wife leaves her husband on the impulse of the moment, animated by a sense of continued wrong and injustice culminating in an episode of anger and under that impulse begins an action for separation, intending to cease all relations with the husband and if the husband's offer to take her back comes too soon after her departure then to be considered calmly, a time for repentance and reconciliation may still remain. When a litigation is pending, it might be a fair inference that eight months is more than a reasonable cooling time; and that the wife must then be deemed to have made an irrevocable choice to lie in her own bed. Furthermore, she may not trifle with the court. Evidence of her offers to return, not spontaneous or conciliatory in their character, but made under the advice of counsel as a part of the strategy of a law suit, if not irrelevant as matter of law, would be entitled to little weight as evidence of an honest desire to live with her husband. Legal formulas are not always to be accepted as the equivalent of a wifely disposition.

That a belated but genuine offer to return after an act of abandonment, even when followed by an action for separation on the ground of cruelty, cannot be shown as bearing on the good faith of both parties or on the actual intent of the wife in leaving the husband and the willingness of the husband to receive her after her departure, does not follow. The question is whether, within a reasonable time after the separation, she wanted to live with him and he wilfully refused his consent. The facts and circumstances are always competent evidence on the question. Stubborn pride may continue for a long time before it bows its head. A wife who leaves her husband, sues him for separation and fails to establish her cause of

action, has not abandoned him as matter of law because the case does not come to trial for a year. Nor has he abandoned her when she herself disregards the marriage contract. (Civ. Prac. Act, § 1163; *Hawkins* v. *Hawkins*, 193 N. Y. 409, 412.) The parties are left as they were when neither establishes the right to a decree of separation.

The Appellate Division on the facts found on the evidence reached a correct conclusion in refusing to give weight to the plaintiff's offer to return made long after a departure from the home which she did not attempt to justify. The ends of justice would not be served if she could so extricate herself from a situation created by her own misconduct.

Appellant complains because a letter written to her husband by her on the occasion of a previous separation was considered by the Appellate Division as evidence of a prior abandonment, claiming that it was a confidential communication between husband and wife. (Civ. Prac. Act, § 549.) To this objection two answers may be made. *First,* it was not a confidential communication induced by the marriage relation but was a statement characterizing an act and thus evidence of the act of abandonment and, *secondly,* it was not offered as evidence in chief but only to contradict plaintiff's evidence that when she left her husband on that occasion she intended to return. Furthermore, the error, if any, was not substantial as to the issues actually decided.

The judgment should be affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.