Edith Goldsmith, Plaintiff, *v.* Leo E. Goldsmith, Defendant.

Supreme Court, New York County, January 29, 1934.

*Harold T. Gill,* for the plaintiff.

*Sidney Rosenberg,* for the defendant.

Rosenman, J. The plaintiff brings this proceeding for a separation from her husband, alleging cruelty and failure to support. The defendant denies the charges of cruelty and alleges continued misconduct on her part as justification for his refusal to maintain his wife. By way of counterclaim he also urges the behavior of his wife as grounds for a decree of separation in his own behalf.

The misconduct consists in persistent close association with a young man, Bjorkman, accompanied by many instances of demon-

stration of affection between them in the plaintiff's automobile, in the vestibule, and on the public stairs of the apartment house where the plaintiff lived, and in the plaintiff's apartment. The association was open and notorious. It was well known in the neighborhood in which the parties lived. It was the subject of comment and gossip in the local community. The husband has remonstrated with his wife on many occasions, but she has persisted in her conduct over a long period. It was the cause of quarrels between the spouses and, ultimately, the cause of the separation which gave rise to the present situation.

The plaintiff denies the charges made by her husband; but the evidence is clearly contrary to her contention that her association with the young man was casual, platonic and sister-like. No proof exists, however, of actual adultery.

It is clear that such misconduct on the part of the plaintiff must bar her in a court of equity from the relief she seeks. (Civ. Prac. Act, § 1163.) The modern conception of the relation between the sexes does not frown on ordinary association between a married woman and another man within the bounds of friendship alone; but when the association develops into those intimacies of personal contact to which so many witnesses have here testified, even the most liberal thought must disapprove it. Certain it is that no husband should be compelled in equity to maintain a wife while she continues such conduct.

A more serious question arises in the determination of the counterclaim. Do the facts warrant a decree of separation on behalf of the husband against the wife? The appellate courts have repeatedly held that open and notorious adultery on the part of one spouse entitles the other to a decree of separation on the ground of cruel and inhuman treatment. (*Hofmann* v. *Hofmann*, 232 N. Y. 215; *Jacobstein* v. *Jacobstein*, 201 N. Y. Supp. 1; affd., 209 App. Div. 846; affd., 240 N. Y. 693.) I have been unable, however, to find appellate determination that the conduct of the spouse proven at this trial amounts in law to the cruel and inhuman treatment contemplated by section 1161 of the Civil Practice Act. Another court at Special Term has held that it does. (*Morris* v. *Morris*, 108 Misc. 228.) I concur in that view. This plaintiff flaunted her intimacy with Bjorkman not only before the neighborhood, but also before her husband. The gossip about it reached the ears of her husband repeatedly. She admitted to others her affection for Bjorkman. Can it be said that the mental suffering of the husband naturally resulting from these circumstances is not sufficient cause for relief merely because no act of actual adultery has been shown?

The husband is entitled to a decree of separation. I believe,

however, that this is a proper case for the exercise of judicial discretion as to the period of the separation. Section 1161 of the Civil Practice Act authorizes " a judgment separating the parties from bed and board, forever, or for a limited time." To grant an unlimited decree of separation to the defendant in this case would deprive the plaintiff of any right to maintenance from him for the balance of their lives. It would absolve the defendant from any obligation to contribute to the support of the plaintiff forever. This would be, under the circumstances, too harsh a result for the plaintiff. She has not been guilty of promiscuity in her association. Her conduct seems to result from an infatuation for one man. This may be temporary. The parties have lived together amicably for six and a half years, and are still both young people. There is a possibility that the plaintiff may see the error of her ways and that this marriage may prove ultimately to be successful.

I, therefore, shall award a decree of separation to the defendant for a period of three years. At the expiration of that time, unless the parties have become reconciled in the meantime, the plaintiff may again commence a proceeding. In such event the burden of proof should be upon her to establish that she has been leading a different mode of life and that she has become entirely dissociated from the man who was the cause of the present situation. The justice then hearing the testimony may consider all of the circumstances, including those adduced at this trial. (*Murdock* v. *Murdock*, 148 App. Div. 564.)

Submit findings.