LAURA SOLOMON, Appellant, *v.* CHARLES SOLOMON, Respondent.

Second Department, April 20, 1942.

*Joseph J. Dreyer*, for the appellant.

*Charles Rothenberg*, for the respondent.

PER CURIAM. It has been adjudicated that the parties are husband and wife, living apart by consent. (*Solomon* v. *Solomon*, 256 App. Div. 959; affd., 282 N. Y. 565.) Plaintiff was entitled to return to her husband; and his obligations as such resume upon her return, or upon offer to return on her part and his refusal. (*Williams* v. *Williams*, 130 N. Y. 193, 198; *Newing* v. *Newing*, 45 N. J. Eq. 498, 503; 18 A. 166.) In the light of defendant's refusal, he cannot be heard to claim that the offer was not made in good faith. (*O'Leary* v. *O'Leary*, 256 App. Div. 130.) Acceptance was an obvious and available means of determining the sincerity of the offer. (*Newing* v. *Newing, supra,* p. 502.) In any event, in the light of the nature of the separation of the parties, the offer cannot be held to have been made in bad faith, unless the circumstances attendant show that it was palpably so. This is not a case of a separation due to the fault alone of the plaintiff. (Cf. *Bohmert* v. *Bohmert,* 241 N. Y. 446, 452.) The grounds assigned by the learned trial court for its conclusion that the offer was not made in good faith are insufficient. The defendant offered no proof whatsoever. Difficulties of the parties in resuming marital life after their previous litigation are personal to the parties. " For such ills the patients must minister unto themselves; our courts of justice offer no cure." (*Pearson* v. *Pearson,* 230 N. Y. 141, 148.) They do not deprive the wife of her right to return. (*Silberstein* v. *Silberstein,* 218 N. Y. 525; *Mirizio* v. *Mirizio,* 248 id. 175.) Nor should the offer be rejected because of criticism of its form or language, where its substance is plain and unconditional. The charges of plaintiff in her original action for separation do not estop her from returning. There is no counterclaim for separation in the answer. The fact that plaintiff was unsuccessful in that action does not mean that the charges were not proved in whole or in part. In addition, the defendant himself, in that action, charged plaintiff with infidelity, and his counterclaim based on abandonment was dismissed.

The judgment, in so far as appealed from, should be reversed on the law, with costs, and judgment of separation and separate

maintenance and support should be directed in favor of plaintiff, with costs, and the matter remitted to Special Term to determine the amount of alimony.

Findings of fact and conclusions of law in conformity herewith will be made.

HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur; LAZAN- SKY, P. J., dissents and votes to affirm, with the following memorandum: Where married parties are living in separation by consent, either may terminate the consent by requesting, in good faith, a renewal of the marital status. (1 Bishop on Marriage, Divorce and Separation, § 1705, citing *Hankinson* v. *Hankinson*, 33 N. J. Eq. 66.) The learned Special Term was warranted in concluding that plaintiff did not in good faith seek to return to defendant for the following reasons:

(1) As determined by this court in the prior action, the parties separated by consent five years and seven months before the commencement of this action. According to plaintiff's testimony on this trial, defendant tried to persuade her to remain.

(2) During the period of separation plaintiff did not make the slightest suggestion of reconciliation until several weeks before the commencement of this action.

(3) After a separation of three years and nine months plaintiff commenced the first action for separation, in which she made harsh and serious charges against the defendant, indicating a want of desire, if not an unwillingness, to live with him.

(4) Pursuit of that action, after unfavorable judgment at Special Term, to defeat in this court (256 App. Div. 959) and the Court of Appeals (282 N. Y. 565).

(5) Her insistence at the trial herein that the charges urged by her in the first action were founded in truth.

(6) Her testimony on the trial of this action that she was sorry that she was unsuccessful in the first suit, a position inconsistent with reconciliation.

(7) Her frigid, unemotional and most formal approach to reconciliation two weeks after her final defeat in the Court of Appeals.

Reading plaintiff's testimony impressively demonstrates that her overtures to return to defendant and her protestations at the trial of feeling for him were made solely in the expectation and wish that they would not meet with favorable consideration by defendant, thereby giving her a basis for that which was all she really sought — a judgment of separation, with alimony as an important incident. She was not looking for a home with her husband. She was quite willing to live alone for over five years, and is now eagerly seeking pecuniary advantage to make more comfortable and secure the solitary life she was leading to her satisfaction.

The Special Term had the opportunity of observing the plaintiff and weighing the credibility of her story. There should be no disturbance of its finding in this regard. (*Smith* v. *Smith*, 273 N. Y. 380; *Boyd* v. *Boyd*, 252 id. 422.)

Judgment, in so far as appealed from, reversed on the law, with costs, and judgment of separation and separate maintenance and support directed in favor of plaintiff, with costs, and the matter remitted to Special Term to determine the amount of alimony.

Findings of fact and conclusions of law in conformity herewith will be made.

Settle order on notice.