LAURA SOLOMON, Appellant, v. CHARLES SOLOMON, Respondent.— In an action for separation [see 263 App. Div. 678], order denying motion of plaintiff for an allowance for counsel fees and expenses incident to an appeal from a judgment dismissing the complaint on the merits reversed on the law and the facts, without costs, and the motion granted, without costs, to the extent of directing that defendant, within ten days from the entry of the order hereon, pay to the plaintiff the sum of $250 as counsel fee. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MAX STERN, Appellant, v. THE CITY OF NEW YORK and PASQUALE CAGGIANO, Respondents.— Action to recover damages for personal injuries to plaintiff, who is alleged to have been run over by defendants' tractor. Judgment entered on the verdict of a jury in favor of defendants reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In the interest of substantial justice, and on the ground that the verdict is against the weight of the evidence, there should be a new trial. Lazansky, P. J., Johnston and Close, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm the judgment.

SAMUEL STRAUSBERG, Appellant, v. MAX A. GOLDBAUM, Respondent, Impleaded under Section 271 of the Civil Practice Act with CAMEDO CORPORATION, Appellant. — Action at law. The complaint demands judgment for a sum of money only. Defendant-respondent in his answer pleaded an equitable counterclaim, which he also invoked as a defense. Order dated December 4, 1941, denying motion of plaintiff-appellant for a prior and separate trial of defendant-respondent's equitable counterclaim, and order dated January 27, 1942, denying a similar motion made by defendant-appellant, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

PAUL TESSITORI, Appellant, v. PETER FIORE, Respondent, and Another, Defendant.— Action to recover damages for malicious prosecution. Order granting a change of venue from Queens county to Warren county affirmed, with ten dollars costs and disbursements. No opinion. Carswell, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., not voting.

ANNIE WEBER, Appellant, v. PALMER TOWNSEND, Respondent.— Action to recover damages for personal injuries suffered by plaintiff as a claimed consequence of being struck by defendant's automobile. Judgment for plaintiff, and order denying her motion to set aside the verdict and for a new trial, reversed on the law and the facts and a new trial granted, costs to abide the event. The amount of the verdict was inadequate, in view of the nature of the injuries suffered by the plaintiff, as to which the defendant adduced no proof. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

SADYE WEINBERG, Respondent, v. TOWN OF HEMPSTEAD and Others, Defendants, and WALTER W. LOWDEN, Appellant.— Order denying the motion of the appellant to dismiss the complaint, in so far as appealed from, affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. The appellant does not benefit from the provisions of section 215 of the Highway Law. The statute makes no reference to actions other than actions against the town. To support the appellant's contention would require us to read into the statute a condition that does not expressly appear and may not be fairly implied. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.