Walteb E. Hast, J.
The evidence upon the trial of this action for separation establishes that the relationship of the parties for 13 years was harmonious. However, some time during May, 1958, defendant became aware of the fact that plaintiff was going out on dates with one John Benson, a widower, and demanded that she cease seeing him. Late in the evening of June 22, 1958, defendant encountered plaintiff in Benson’s car, sitting on his lap and kissing him. When she returned upstairs to her apartment, a quarrel ensued and defendant slapped her. He ordered her not to see Benson again. On July 1, 1958, defendant learned that plaintiff was still seeing Benson. During a heated discussion he struck her. Plaintiff, at about this time, departed from the family household and subsequent thereto she continued to go out frequently with Benson and, on several occasions, spent weekends with him at his summer cottage in Port Jervis. On these occasions Benson’s children and the children of the parties stayed at the cottage with them.
Defendant, upon the trial, contended that it was unnecessary for him to plead affirmatively plaintiff’s misconduct as a defense and asserted that the circumstances themselves defeated plaintiff’s claim of cruel and inhuman treatment. In this position, defendant is in error. Section 1163 of the Civil Practice Act specifically requires that in an action for separation the misconduct of the plaintiff, to constitute justification, must be pleaded specifically {Roe v. Roe, 14 Hun 612). However, the court, guided by the holding in Galente v. Galente (240 App. Div. 727) and, in the interests of justice, will deem the answer amended to conform to the proof. In that case, an action was brought for a separation based on cruel and inhuman treatment which was predicated on a violent assault perpetrated by the defendant on the plaintiff. The record on appeal in that case discloses that at the trial the defendant offered in evidence three letters, in plaintiff’s handwriting, which clearly reflected that she had been guilty of misconduct. When the exhibits were objected to, the trial court inquired of defendant’s counsel whether they were offered as justification for the assault, which had not been pleaded. Counsel replied in the negative. Judgment was rendered in favor of the plaintiff. On appeal, the Appellate Division reversed and ordered a new trial so as to give defendant an opportunity to amend his answer by pleading the defense of justification provided for by section 1163 of the Civil Practice Act and to present proof with respect thereto.
The liberality of the courts with respect to the amendment of pleadings in actions for separation may be gleaned from the decision in Traylor v. Traylor (3 A D 2d 727). There, an action *398 had been brought on the ground of cruel and inhuman treatment and judgment was rendered in plaintiff’s favor on that ground. The Appellate Division modified the judgment so as to provide that it was predicated on the ground of nonsupport and abandonment, which had not been pleaded but which had been established by the proof.
The court finds plaintiff, by her persistent relationship and companionship with Benson, was guilty of misconduct within the purview of section 1163 of the Civil Practice Act (Taylor v. Taylor, 74 Hun 639, opinion in 26 N. Y. S. 246; Deisler v. Deisler, 59 App. Div. 207; Goldsmith v. Goldsmith, 151 Misc. 198; see, also, authorities collated in Walton v. Walton, 57 Neb. 102, 117-121). This misconduct persisted after the parties separated by the continued association of plaintiff with Benson and her visits to his cottage despite her knowledge that defendant justifiably was opposed thereto. Her misconduct, subsequent to defendant’s assaults, is a bar to plaintiff’s action (Axelrod v. Axelrod, 2 Misc 2d 79; Ternes v. Ternes, 232 App. Div. 707; Doe v. Roe, 23 Hun 19, 21-22).
Moreover, the court is not satisfied that the conduct of the defendant was such as to constitute cruel and inhuman treatment within the meaning of section 1161 of the Civil Practice Act (cf. Porupski v. Porupski, 141 N. Y. S. 2d 179; Wendt v. Wendt, 121 Misc. 791).
Accordingly, the court directs judgment dismissing the complaint. Since plaintiff has custody of the infant daughter and defendant has custody of the infant son, the court will direct that this arrangement shall, for the present, continue, with reasonable visitation to both parties of the issue not in their respective custody, subject to their right to apply for a further modification of the custody and visitation provisions of the judgment to be entered herein. If the parties are unable to agree on the provisions with respect to visitation, they may submit memoranda as to their views on the matter upon the settlement of the judgment. Defendant, in the interim, is directed to pay $17.50 weekly for the support of his daughter.