Walter R Hart, J.
Subsequent to the rendition of the decision in the above matter (16 Misc 2d 396), plaintiff made an oral application for a rehearing with respect to the disposition of custody provided for by the court in the memorandum. Upon the rehearing plaintiff attempted to offer further proof of defendant’s misconduct. The testimony was received over defendant’s objection with the reservation by the court as to whether it would be accepted with respect to the merits of the action for separation. No additional pleadings or motion papers were submitted.
Plaintiff testified that in March, 1959, subsequent to the decision herein, defendant waved at her, as she was leaving her place of employment, a colored photograph which exhibited plaintiff’s face and bare bust and that shortly thereafter plaintiff found on the windshield of her car a photograph of her private parts with the picture part facing the inside of the car, on the back of which *348 was a note from the defendant requesting her to meet him. Suffice it to say plaintiff did meet the defendant and subsequently caused a summons to be issued out of the Magistrate’s Court for his disorderly conduct. Plaintiff produced no other witnesses who saw either photograph. Defendant, prior to the hearing in the Magistrate’s Court, surrendered to the plaintiff all of the photographs taken of nude portions of her body which she had voluntarily posed for during the time that their relations had been more amiable. There was no testimony by plaintiff that she became ill or was injured because of these pictures. It was further conceded by plaintiff that the car on which the photograph had been left was actually owned by John Benson and that her association with him continued subsequent to the decision rendered herein which association had been found by this court to constitute misconduct on her part.
It was further agreed upon the hearing that the disposition that the court had made with respect to the custody of the children was satisfactory to the parties.
The court is of the opinion that it lacks the power to grant plaintiff’s application to amend her complaint so as to allege new matter which occurred subsequent to the rendition of the decision herein. Hydraulic Power Co. v. Pettebone-Cataract Paper Co. (194 App. Div. 819) is an authority for the proposition that after a decision has been rendered no substantial change can be made by the trial court either in the findings of fact or in the conclusions of law. (See, also, Herpe v. Herpe, 225 N. Y. 323, 327.) While the court under modern practice may, pursuant to section 549 of the Civil Practice Act, entertain a motion, made upon its minutes, to set aside its decision as being contrary to the weight of the evidence or contrary to law and upon the hearing of the motion may set aside the decision, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and render a new decision, the statute contemplates the making of a formal motion within the time limited by rule 60-a of the Rules of Civil Practice. However, no such motion was here made. The court will, therefore, not consider the testimony adduced at the hearing insofar as it relates to the merits of the action and the application is denied without prejudice to plaintiff’s taking such other steps with respect thereto as she may be advised.
Judgment signed.