WaxiTBE R. Hast, J.
From the evidence adduced at the trial the court is satisfied that on each of the two occasions (Feb. and May, 1960) that plaintiff left the marital abode, it was at the insistence of the defendant that he wanted a separation. He was averse, however, to plaintiff’s retention of counsel to protect her interests. In February, 1960 upon the occasion of the first separation he computed the cost of her separate maintenance at $226 monthly. The figures, some of which are conceded to be in his handwriting on a newspaper dated February 9, 1960 belie his denial of this fact. Plaintiff’s insistence on the hiring of her own counsel apparently dissuaded him from pursuing this course. Defendant admitted that at a conference held with plaintiff’s attorney in February, 1960, the latter, though having prepared process for the commencement of a separation action, told him that his wife loved him and desired a reconciliation which then followed.
The separation of May, 1960 was occasioned by defendant’s telling plaintiff, “ This won’t work. There is no use. It won’t work, us living together. We just can’t get along. We are not mated for each other.” While defendant denies this, he testified that he was under great strain and stress of business pressures at the time. His testimony that she left him without any reason at all is difficult to believe, nor does the court credit his statement that he urged her to remain. After this separation defendant failed to contribute to plaintiff’s support and maintenance until compelled to do so by court order though he knew that she was not well and had no means to support herself.
Assuming, however, the plaintiff, as contended by defendant, without just cause abandoned him, the court credits her testimony that when she requested a reconciliation that he replied: “ There is no other way. I am too far apart from you.”; that he offered her $60 a week for support if she agreed to the separation and threatened to change the beneficiary of his life insurance policy if she did not so agree.
Plaintiff testified that at all times since the separation in May, she pleaded for and sought a reconciliation. Upon the trial she *485 repeated her desire to return and resume the marital relationship. The court is satisfied that plaintiff was completely activated by good faith in her desire to resume living with the defendant as his wife. He, on the other hand, claimed that he sought the reconciliation until July, 1960 and was repulsed. Upon the trial, when questioned by the court, he stated he no longer wants to live with plaintiff. When urged by the court to state what had occurred since July to cause him to change his mind, defendant could give no satisfactory answer.
The court does not credit the defendant’s protestations that it was he that sought the reconciliation. Under the circumstances, even if the separation were by mutual consent, or, if plaintiff had, in the first instance, left the defendant without justification, her early and repeated attempts at reconciliation made in good faith, being rejected by defendant warrant the granting of a decree of separation in her favor on the basis of abandonment and nonsupport. This conclusion is buttressed by the cases of Bohmert v. Bohmert (241 N. Y. 446) and Solomon v. Solomon (290 N. Y. 337). In Bohmert v. Bohmert (supra, pp. 451-452) the court stated: “ The right of the wife to return after leaving her husband was recently considered in Silberstein v. Silberstein (218 N. Y. 525). Following the reasoning in that case, the first question to be considered is whether, as between mere temporary absence and intent to abandon, the evidence sustained a conclusion of abandonment. If the wife’s absence is a temporary one which has not ripened into an abandonment at the time she offers to return, it is the husband’s duty to take her back. Departure from the home, followed by the commencement of an action on charges afterwards withdrawn, may be evidence bearing on a wife’s intention to abandon her husband, but it is not conclusive on the rights of the parties. It is her privilege to change her mind, drop her charges and ask her husband to receive her. Her conduct amounts to abandonment only if it is persistent and obstinate.”
In Solomon v. Solomon (supra, pp. 340-341) the court stated: “ When married persons are living separate and apart by consent, either one who has not willfully repudiated or violated the obligations of the marriage may terminate the separation by requesting in good faith a renewal both of the marital relation and its obligations and, if the other refuse, such refusal will furnish the basis of an action for separation on the ground of desertion. ‘ To entitle one to a divorce under such circumstances, the offer of return must be made in good faith, it must be free from improper qualifications and conditions, and it must be really intended to be carried out in its spirit if accepted ’ *486 (1 Bishop, Marriage, Divorce and Separation [1891] §§ 1705-1708).” (See, also, Batchelor v. Batchelor, 295 N. Y. 544.)
The court is cognizant of the fact that the complaint was not framed on the theory above outlined but was founded on the cause of action for cruel and inhuman treatment. However, pursuant to its inherent power as set forth in section 105 of the Civil Practice Act, the complaint will be deemed amended to conform with the proof. (Nilsen v. Nilsen, 16 Misc 2d 396 ; Traylor v. Traylor, 3 A D 2d 727.) In the Nilsen case the court amended an answer to allege that the wife’s misconduct with another man justified her husband’s assault upon her. The answer failed to allege this as an affirmative defense as required by section 1163 of the Civil Practice Act. The court, however, on its own motion, amended the answer, guided by the holding in Galante v. Galante (240 App. Div. 727). In Traylor v. Traylor (supra) the liberality of the courts with respect to the amendment of pleadings in actions for separation was demonstrated. There an action had been brought on the ground of cruel and inhuman treatment and judgment was rendered in plaintiff’s favor. The Appellate Division modified the judgment so as to provide that the decree was predicated on the ground of nonsupport and abandonment, which had not been pleaded but had been established by the proof. (See, also, Diemer v. Diemer, 8 N Y 2d 206 ; Mullane v. Mullane, 210 N. Y. S. 2d 669 [by Hopkins, J., Spec. Term, Westchester County].)
Settle judgment on notice referring the issue of permanent alimony to an Official Referee to hear and determine if the parties so stipulate; otherwise, to hear and report. Plaintiff’s request for additional counsel fees is denied. There is no authorization in the order granting counsel’s fees for such a further application.