Bernard S. Meyer, J.
In this separation action defendant amended his answer at the trial to admit abandonment and since the proof shows that he obtained a unilateral Mexican divorce, married another woman and is presently living with her, there is no question concerning plaintiff’s right to a separation. A number of questions arise, however, with respect to the nature of the decree to be made.
The complaint prays judgment separating plaintiff from defendant “ for a period of one year and nine months ”. While the court-has authority under section 200 of the Domestic Relations Law to decree a separation ‘ ‘ forever, or for a limited time ”, the policy of our law now is that after the “ husband and wife have lived apart pursuant to a decree of separation for a period of two years after the granting of such decree ” either may obtain a divorce (Domestic Relations Law, § 170, subd. [5]). The predicate of that policy is that there is no purpose to be served, either for the parties or the State, in continuing in theory a marriage which is meaningless in fact, 1966 Report of the Joint Legislative Committee on Matrimonial and Family Laws (N. Y. Legis. Doc., 1966, No. 8, p. 90). Indeed, the difficulties involved in limited .separations are memorialized in Barrere v. Barrere (4 Johns. Ch. 187); Pollitzer v. Pollitzer (178 App. Div. 744); Murdock v. Murdock (148 App. Div. 564) and the power has been exercised in but few reported cases (see Goldsmith v. Goldsmith, 151 Misc. 198; O’Neill v. O’Neill, 163 N. Y. S. 250). Nothing in the evidence presented by plaintiff suggests a factual basis for making a limited decree, such as obtained in the Goldsmith and O’Neill cases, and the fact that defendant is and for some time has been living with another woman makes it highly unlikely that there will ever be a reconciliation. Moreover, if there is in fact a reconciliation within the next two years, the parties can, of course, apply to have the separation judgment vacated.
Apparent from the foregoing analysis is the fact that plaintiff’s only purpose in asking for a limited decree is to frustrate possible later divorce. She could, had .she seen fit to do so, have moved in Family Court for support without asking for a separation, but the law is clear that the Supreme Court can grant support and other ancillary relief only as an incident of some *189 other form of matrimonial action (Johnson v. Johnson, 206 N. Y. 561). The court is not bound by plaintiff’s demand for relief (CPLR 3017, subd. [a]) and since to accede to it will serve no purpose and will frustrate legislative policy, the judgment will separate the parties forever.
The complaint asks an order of exclusive possession of the marital residence, which the proof showed to be owned by defendant individually. Though a question exists concerning whether the court would not abuse the discretion granted it by section 234 of the Domestic Relations Law by decreeing exclusive possession to one spouse of property owned solely by the other when the need of the prevailing spouse for shelter can be adequately met by a monetary award (Lerner v. Lerner, 21 A D 2d 861; see Rosenstiel v. Rosenstiel, 20 A D 2d 71, 78) (concurring opinion), defendant has left plaintiff in possession of their former residence for several years and at the trial interposed no objection to an order of possession. The judgment will, therefore, include such provision.
There are three children of the marriage, but Sandy and William are now over 21. Plaintiff asks that she be awarded custody of Anthony, who is 14 years of age, but that the judgment condition visitation on defendant not taking the child to the home occupied “by him and his mistress or to exercise his periods of visitation with the .said child in the company of defendant’s mistress.” No evidence was introduced to indicate that the defendant and the lady with whom he presently resides with benefit of a marriage ceremony (albeit an apparently invalid one) are dissolute in their habits, or that either is in any way unfit to care for Anthony or to have him in their company. Defendant’s evidence, which the court accepts, is that in the community in which they live, he and his present wife are accepted as husband and wife, that the home includes a room for Anthony’s use when he visits and that there are children for him to associate with in the neighborhood. The court concludes that to impose the condition which plaintiff requests would harm Anthony by forcing visitation to take place out of defendant’s home environment, and that there has been no demonstration that Anthony will be harmed by visitation in that environment. That his father is living with a woman other than his mother is not in and of itself a sufficient basis for such a condition in light of Anthony’s ag'c and his present awareness of that fact. Visitation will, therefore, be provided for in the decree at such times as the parties agree to, or, if they are unable to agree, as the court will fix in the judgment on the basis of suggestions from *190 the parties to be submitted upon settlement of the judgment, but the requested condition will not be imposed.
With respect to alimony and support, the testimony shows that in the year prior to the separation of the parties, plaintiff received from defendant $23,000. Defendant does not deny that fact but says that his income has decreased in recent years because of his health and the state of the construction industry (his business is the servicing of mortgages). He acknowledges possession of substantial capital, but quotes from Orenstein v. Orenstein (26 A D 2d 928) the rule that “In the absence of special circumstances * * * a former matrimonial standard of living based on capital expenditures is not a proper basis for permanent alimony.” He acknowledges present income of $29,200 per year and asks credit for his own living expenses of $7,175 per year plus $9,751 expended for support of his daughter and granddaughter (the daughter having separated from her husband), his adult son who is in law school and the minor son whose custody is being awarded to plaintiff. Since the repeal by chapter 690 of the Laws of 1962 of section 914 of the Code of Criminal Procedure and the amendments of the Social Services Law, the Domestic Relations Law and the Family Court Act made by chapters 52 and 674 of the Laws of 1965 and chapters 131 and 256 of the Laws of 1966 and chapter 184 of the Laws of 1967, it is now clear that defendant has no legal obligation for support of either of his adult children or his granddaughter. He is, of course, free to support them from his capital, if he sees fit to do so, but may not-claim credit against income for their support in the computation of the award for alimony and support to which plaintiff is entitled. As for the minor son, defendant likewise is not entitled to credit, for the obligation to pay expenses of that son will be on plaintiff, the award being made to her being inclusive of support for the son.
Plaintiff testified that she receives income of some $1,800 to $2,200 a year from her parents’ estate and about $1,500 a year from workmen’s compensation payments. Before the injury, she worked as an interior designer and was paid $5,200 a year, and there is no evidence that she will not eventually be able to go back to that work. Considering all of those factors and the fact that defendant will be entitled to a tax deduction for, and plaintiff will have to pay income taxes on, the amount awarded plaintiff, she is awarded $1,500 per month, payable one half on the 1st and one half on the 15th of each month, commencing December 1, 1967.
With respect to counsel fee, a temporary allowance of $1,500 was made and leave was granted to apply for an additional *191 allowance to the trial court. In view of the extensive preparation involved in the detailed analysis and presentation made with respect to the financial affairs of the parties and of the experience and standing at the matrimonial bar of plaintiff’s counsel, an additional allowance of $2,500 is made on plaintiff’s application.