■ EMILY PEARSON, Appellant, v. SAMUEL M. PEARSON, Respondent.— In this action for separation, limited in time to one year, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County, dated May 20, 1969 and made after a nonjury trial, as (1) decreed a permanent separation rather than the requested limited separation, (2) directed the sale of the marital home owned by the parties as tenants by the entirety, (3) ordered plaintiff to return to defendant a Rolls Royce automobile and directed that, if plaintiff fails to comply with that direction, her alimony will be reduced by $9,200 annually until she complies, and (4) awarded to plaintiff alimony and counsel fees (as to which she claims inadequacy). Judgment modified, on the law and the facts, and in the exercise of discretion, by striking therefrom the fifth decretal paragraph, which makes the direction for the reduction in alimony in the event plaintiff does not return the Rolls Royce automobile. As so modified, judgment affirmed insofar as appealed from, without costs. Section 200 of the Domestic Relations Law permits a spouse to seek a separation either " forever, or for a limited time ". But a separation judgment for a limited time will not be granted unless the complaining spouse establishes a useful purpose therefor, such as a reasonable expectation of a reconciliation (*Goldsmith* v. *Goldsmith,* 151 Misc. 198; *Seldin* v. *Seldin,* 55 Misc 2d 187; *Roehder* v. *Roehder,* 29 A D 2d 753). Here the record establishes there is no reasonable possibility for a reconciliation. Rather it appears that plaintiff's purpose is to frustrate, as long as possible, this State's policy, enunciated in subdivision (5) of section 170 of the Domestic Relations Law, and as recently expressed by the Court of Appeals in *Gleason* v. *Gleason* (26 N Y 2d 28) and by this court in *Schacht* v. *Schacht* (32 A D 2d 201), that when spouses are separated for two years, under a judgment, the separation can be converted into a divorce by action of either party. In *Seldin* v. *Seldin* (*supra,* p. 188), in a situation similar to the one at bar, a separation limited to less than two years was denied for that reason and a permanent separation was decreed over the plaintiff's objection. To the same effect is *Roehder* v. *Roehder* (*supra,* p. 754). (Also, note the editorial approval of *Seldin* and *Roehder* [*supra*] in 20 Syracuse L. Rev., 415.) Moreover, in connection with the propriety of Special Term granting a permanent, rather than a limited, separation, see CPLR 3017, which empowers the court, once it has jurisdiction of both parties and the action, to grant what it considers appropriate relief, irrespective of the demand in the pleading. The direction for the sale of the marital home and the equal division of its contents and the proceeds of the sale is a fair and sound exercise of Special Term's discretion, in the light of the record. Such sale is authorized under section 234 of the Domestic Relations Law. It can avoid title and other marital litigation in the event of a future partition action (cf. *Field* v. *Field,* 50 Misc 2d 732). Plaintiff should obey the mandate of the court concerning the return of the Rolls Royce automobile to defendant. However, the punishment ordered by Special Term in the event plaintiff fails to comply with that direction and does not return this automobile, i.e., reduction of her alimony to the extent of $9,200 annually, is, in our opinion, excessive punishment for such default — especially since the record indicates that her intransigence in this connection may be resultant from emotional distress concomitant to her marital difficulties. Thus we are eliminating this decretal provision of the judgment, without prejudice to defendant's right to seek to

hold plaintiff liable in contempt proceedings for his damages resulting from her failure to return this automobile, or his right to replevy the automobile in a plenary action. Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.