NELLIE SILBERSTEIN, Appellant, v. GERSON SILBERSTEIN, Respondent.

Estoppel — judgment — when rule that judgment does not work an estoppel as to unessential facts applies even when the facts are put in issue by the pleadings and decided — action by a wife for separation from her husband — when decision against her in former action not a bar to the present action.

1. The rule that a judgment does not work an estoppel as to unessential facts applies even though such facts are put in issue by the pleadings and directly decided. While issues not involved in the pleadings may have been litigated, it is for the party who would take advantage of the former judgment to show that this was done.

2. The plaintiff sues for a separation from her husband, alleging that she sued him before, and failed. After the dismissal of that action she asked him to take her back, but he refused to live with her or contribute to her support. The decision states that "the plaintiff * * * abandoned and deserted the defendant and left his home and the defendant without any cause or justification therefor, and has since been willfully and continuously absent from the defendant, and with the intent not to return." Judgment was entered on that decision. In the meantime the plaintiff made repeated offers to live with the defendant, and repeated requests

for support. When the defendant ignored them she sued him again. He now asserts that the former judgment is conclusive evidence, not only of his innocence, but of her guilt, and that the abandonment put an end to his duty to her forever, although he did not counterclaim or set up the wife's misconduct in justification. *Held*, that the finding is not controlling in this litigation, and that the judgment in the first action has not been proved to be a bar, and that the question of abandonment remains open.

*Silberstein* v. *Silberstein*, 156 App. Div. 689, reversed.

(Argued May 24, 1916; decided July 11, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 2, 1913, which reversed an order of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The facts, so far as material, are stated in the opinion.

*Harold M. Phillips* for appellant. The judgment of dismissal in the former action is no bar to the plaintiff's right of recovery in a new action, if, after the judgment in the former action, she offered to return and renew her marital relationship with her husband. (*Bell* v. *People*, 6 Hun, 302; *Farber* v. *Farber*, 64 Iowa, 363; *Williams* v. *Williams*, 130 N. Y. 193; *Uhlmann* v. *Uhlmann*, 17 Abb. [N. C.] 236; *People* v. *Crouse*, 86 App. Div. 353; *Cargill* v. *Cargill*, 1 Sw. & Tr. 235; *Cudlipp* v. *Cudlipp*, 1 Sw. & Tr. 229.)

*Otto A. Samuels* for respondent. The plaintiff having completely abandoned and deserted defendant on the 31st day of August, 1908, as she affirmatively alleges, the defendant's defense on that ground cannot be defeated by the plaintiff's later offer to return to him. (*Williams* v. *Williams*, 130 N. Y. 193; *Uhlmann* v. *Uhlmann*, 17

Abb. [N. C.] 236; *People* v. *Crouse*, 86 App. Div. 352; *Cargill* v. *Cargill*, 1 Sw. & Tr. 235; *Cudlipp* v. *Cudlipp*, 1 Sw. & Tr. 229; *Basing* v. *Basing*, 3 Sw. & Tr. 516; *Murray* v. *McLaughlin*, 1 Scotch Sess. Cas. [2d Ser.] 294; *Winchcombe* v. *Winchcombe*, 8 Scotch Sess. Cas. 726; *Muir* v. *Muir*, 6 Scotch Sess. Cas. 353; *Benkert* v. *Benkert*, 32 Cal. 467; *McMullin* v. *McMullin*, 71 Pac. Rep. 108; *Hanberry* v. *Hanberry*, 29 Ala.719; *Fishli* v. *Fishli*, 2 Litt. [Ky.] 337; *Helser* v. *Helser*, Wright, 210.)

CARDOZO, J.   The case is here on a demurrer to a complaint.   The plaintiff sues for a separation from her husband.   She alleges that she sued him once before, and failed.   After the dismissal of that action, she asked him to take her back, but he refused to live with her or contribute to her support.   We are to determine the effect of the former judgment.

The plaintiff makes the decision in the first action a part of her complaint.   It is there found in substance that the defendant did not treat the plaintiff cruelly, that he did not abandon her, and that he did not neglect to provide for her.   Those findings were adequate to sustain a dismissal of the complaint.   But the court went farther. The decision states that " the plaintiff, disregarding her duties as a wife, and without the defendant's consent, on or about the 31st day of August, 1908, abandoned and deserted the defendant and left his home and the defendant without any cause or justification therefor, and has since been wilfully and continuously absent from the defendant, and with the intent not to return." Judgment was entered on that decision in March, 1910.   The present action was begun in January, 1913.   In the meantime the plaintiff made repeated offers to live with the defendant, and repeated requests for support.   When the defendant ignored them, she sued him again.   He now asserts that the former judgment is conclusive evidence, not only of his innocence, but of her guilt, and

that the abandonment put an end to his duty to her forever.

We think the judgment in the first action does not have the effect which has thus far been attributed to it. The wife alone made charges of misconduct. She charged that her husband had treated her cruelly; she charged that he had neglected to provide for her; and she charged that on August 31, 1908, he had abandoned her. The husband did not counterclaim. He did not even set up the wife's misconduct in justification (Code Civ. Pro. § 1765; *Hawkins* v. *Hawkins*, 193 N. Y. 409; *Deisler* v. *Deisler*, 59 App. Div. 207). It is true that issues not involved in the pleadings may in fact have been litigated; but it is for the defendant, who would take advantage of the former judgment, to show that this was done (*Shaw* v. *Broadbent*, 129 N. Y. 114, 123; *Rudd* v. *Cornell*, 171 N. Y. 114, 128; *Barber* v. *Ellingwood*, 137 App. Div. 704, 708). All that we know at this time is that the wife made charges against the husband, and that the husband denied them. The issue was not whether on August 31, 1908, she had abandoned him; the issue was whether on that day he had abandoned her. Only to the extent that it aided the determination of that issue was evidence of her misconduct pertinent. The fact that she left him and left him without just excuse was doubtless important. It disproved the charge that it was he who deserted her. But the intent with which she left him was not important, for no matter what her intent, his guilt was equally disproved. In finding the intent, therefore, the court found something not essential, or at all events not yet shown to be essential, to a decision of the issues. Such a finding is not controlling in a later litigation. The rule is that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided (*House* v. *Lockwood*, 137 N. Y. 259, 268; *Rudd* v. *Cornell, supra; Campbell* v. *Consalus*, 25 N. Y. 613; *People*

*ex rel. Reilly* v. *Johnson*, 38 N. Y. 63; *Stannard* v. *Hubbell*, 123 N. Y. 520, 529). Drop the finding of intent, and the wife's guilt remains unproved. Temporary absence is not abandonment. The absence must be coupled with an intent not to return (*Williams* v. *Williams*, 130 N. Y. 193, 197). Here the only absence charged against the wife began when she commenced her action, and ended, so far as the decision shows, when judgment went against her. If circumstances not now apparent made it necessary for the court to find her intent, the burden is on the defendant, invoking the bar of the former judgment, to show how and when the necessity arose (*Shaw* v. *Broadbent, supra; Rudd* v. *Cornell, supra*). On the face of the record we cannot say that the necessity existed.

Our conclusion, therefore, is that an abandonment is not established by the former judgment. The plaintiff may have left the defendant with the intent never to return. She may, on the other hand, have intended a temporary absence until her action was decided, moved, perhaps, by some sense of delicacy or fitness to refuse to share the husband's home while her suit against him was pending. If her absence was not an abandonment, it was the defendant's duty to take her back. What his duty was if there had been an abandonment, we do not now decide. The subject is one on which much has been written (*Hall* v. *Hall*, 60 N. J. Eq. 469; 65 N. J. Eq. 709; *Bradley* v. *Bradley*, 160 Mass. 258; *Cargill* v. *Cargill*, 1 Sw. & Tr. 235). It is enough at this time to hold, as we do, that the judgment has not been proved to be a bar, and that the question of abandonment remains open.

The order should be reversed, with costs in the Appellate Division and in this court, and the question certified answered in the affirmative.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur.

Order reversed, etc.