FANNIE MIRIZIO, Appellant, *v.* COSMO MIRIZIO, Respondent.

Husband  and  wife — separation — abandonment — former adjudication — separation of husband and wife pending law suit, brought upon reasonable grounds, to determine whether it shall continue not a definitive abandonment as matter of law — marriage by civil ceremony — refusal of wife to live with husband without additional religious ceremony, until in action for separation she was adjudged in the wrong, not such abandonment as to bar her return — plea of former adjudication without basis.

1. A term of separation of husband and wife may not be said to constitute, as a matter of law, a definitive abandonment when it is bounded by a law suit, maintained upon reasonable grounds and with sincerity of conviction for the very purpose of determining whether the separation shall continue.

2. Where, therefore, husband and wife were married by a civil ceremony, with the understanding that a religious ceremony would follow, but the husband refusing to join therein, the wife refused to

live with him and brought an action against him for a separation, but immediately she was advised of a final decision in that action to the effect that it was her duty to live and cohabit with her husband, she notified him that she would submit to the law and offered to live with him as a wife in every sense, which he refused, it cannot be said, in a second action for separation and support, that the wife was wrong in such a sense or in such a degree as to betoken defiance of duty, and abandonment so definitive as to be unaffected by repentance.

3. A plea of former adjudication has no basis in the record where there was no holding in the former suit that the plaintiff's conduct toward her husband had the force of an abandonment, or that she had refused to make her home with him, but the holding was merely that in refusing him the privilege of sexual intercourse she was guilty of such misconduct as to bar her claim for support while the misconduct continued, and the defendant had not counterclaimed for a separation.

*Mirizio* v. *Mirizio*, 222 App. Div. 239, reversed.

(Argued April 12, 1928; decided May 1, 1928.)

Appeal from a judgment, entered January 28, 1928, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Harry Loeb Mostow* and *Samuel G. Litwin* for appellant. The judgment of dismissal in the former action is no bar to the plaintiff's right of recovery in this new action. (*Williams* v. *Williams*, 130 N. Y. 193; *People* v. *Crause*, 86 App. Div. 353; *Silberstein* v. *Silberstein*, 218 N. Y. 525.) Assuming for the purpose of argument that the plaintiff's refusal to cohabit with the defendant as man and wife was not legally justified, the refusal was not an abandonment and did not forever debar the plaintiff from the benefits of her matrimonial contract. (*Bohmert* v. *Bohmert*, 241 N. Y. 445; *Williams* v. *Williams*, 130 N. Y. 193.) The plaintiff's offer to cohabit with the defendant on April 8, 1924, and her repeated offers thereafter, restored defendant's obligations owing by a husband to his wife and he was under a duty to take her

back and his rejection of her offers justified the granting of a legal separation at Special Term. (*Gilbert* v. *Gilbert*, 5 Misc. Rep. 555.)

*Sylvester Ryan* and *John J. Ryan* for respondent. The plaintiff wife, by a continuous refusal to cohabit with her husband, from the date of the marriage, September 23, 1921, down to January 28, 1926, has been guilty of an abandonment and cannot succeed in an action for separate maintenance. (*Bohmert* v. *Bohmert*, 241 N. Y. 447.)

CARDOZO, Ch. J. Plaintiff and defendant were joined in wedlock by a civil ceremony in September, 1921. Both were members of the Roman Catholic Church. The understanding was that a religious ceremony would follow. The ceremony did not follow, for the husband refused to join in it. The wife sued him for a decree of separation alleging non-support. The husband answered that she had refused to live with him as his wife. He did not deny that he could have had her for the asking by adhering to his promise to be married according to the doctrines of the church. He took the ground that she must yield her body to him anyhow, however ruthless his refusal to have it on her terms. A judgment dismissing the complaint was affirmed by the Appellate Division and later by this court (242 N. Y. 74).

Our decision was announced on January 26, 1926. The following day, plaintiff wrote a letter to defendant offering to live with him as a wife in every sense. The defendant answered that he would once have greeted the offer with joy, but that the .love he once felt had vanished with the years. The plaintiff renewed her offer, but met with no response.

There followed a second action, the one before us now. Plaintiff says in her complaint that she had been advised by her attorney that she had the right " to refuse to live with the defendant " until he consented to a religious ceremony in accordance with the doctrines of

12

her church. She says that, acting on that advice, she insisted upon such a ceremony, " and refused to live and cohabit with defendant until then." She then avers her change of heart upon learning from this court of her duty as a wife, and prays that the defendant be required to make provision for her support. There was judgment in her favor upon the trial at Special Term. The " refusal to live and cohabit with the defendant " was held to lack the quality of " a permanent abandonment." It was " a temporary one pending the determination of her legal rights, and did not forfeit her right to separate maintenance and support." The Appellate Division reversed and dismissed the complaint.

The law has been settled by the judgment of this court that the refusal of a religious ceremony did not justify the plaintiff's failure to fulfill her duty as a wife. There was some question upon the first record whether the plaintiff had refused to live with the defendant, or only to have intercourse with him. Upon the record now before us, that question is no longer open. The plaintiff says in her complaint that acting on the advice of counsel she took the ground that as long as the defendant declined to join in a religious ceremony she would not live with him at all. She makes no pretense that she offered to live with him as a virgin. For people in their social station, dwelling in one or two rooms, such an offer, if made, would have the aspect of a subterfuge. She resorts to no such evasion, at least in her complaint. Later, in her testimony, she hints at something of the kind; but the court paid no heed to it, and held her to her pleading. When the defendant tried to go into the subject, he was checked with the remark that there was no need of testifying to anything back of the date of our decision, and that no matter how the plaintiff might have testified, the complaint with its admissions against interest would be accepted as the truth. The findings follow the admissions.

1928.]        Opinion, per CARDOZO, Ch. J.        [248 N. Y. 175]

The question, therefore, is whether the refusal to cohabit with the defendant upon the grounds and in the conditions stated is an abandonment so definitive as to be unaffected by repentance. The plaintiff· acted on advice of counsel and under a claim of legal right. She believed that she was not recreant to her duty as a wife when she declined to live with a husband who had shamelessly repudiated a promise to appease her conscience and his own by sanctifying the marriage with the blessing of the church. She had probable cause for that belief, as is sufficiently attested by the close division in this court. It turns out that she was in error. The moment she was so advised, she gave notice to the defendant that she would yield submission to the law. We are told that her error has barred his door to her forever.

Not every separation is an abandonment beyond annulment or recall. One must look to all the circumstances. Of these, time will commonly be the weightiest, yet not always so decisive that it cannot be neutralized by others (*Bowlby* v. *Bowlby*, 25 N. J. Eq. 406; *Cornish* v. *Cornish*, 23 N. J. Eq. 208). We have refused to compress within a formula the extenuating possibilities of behavior in all its myriad diversities (*Bohmert* v. *Bohmert*, 241 N. Y. 446). " What is reasonable will depend on the circumstances of the case and the conduct of the parties " (*Bohmert* v. *Bohmert, supra*, at p. 453). Lawless repudiation of duty, an attitude and spirit of mere rebellion or defiance, maintained without repentance after cooling time has passed, may exact a finding of definitive abandonment though the interval is short. Mistake and provocation and hardship and reservations will permit another finding though the interval is long. There are duties too for the deserted spouse as well as the deserter. One who is chargeable with fault contributing to the breach, palliating and explaining it though not excusing it altogether, may not stand back indifferent, refusing the

concessions to be expected of gentleness and honor (1 Schouler, Mar., Div. & Sep. § 1663; *Hall* v. *Hall*, 60 N. J. Eq. 469, 470; 65 id. 709; *Wood* v. *Wood*, 63 N. J. Eq. 688; *Bowlby* v. *Bowlby*, *supra; Bradley* v. *Bradley*, 160 Mass. 258; cf. as to the wife's duty, *Wilson* v. *Wilson*, 66 N. J. Eq. 237). Separation to be abandonment must be obstinate and hardened (cf. 1 Bishop, New Comm. on Mar., Div. & Sep. § 1665).

We are to measure the plaintiff's conduct by these and cognate tests of right dealing and humanity. She was the victim of mistake. She acted, as we have seen, in accordance with the advice of counsel and with probable cause. She was the victim, besides, of provocation and oppression. The defendant had treated her with indifference to her feelings and in wanton disregard of his solemn word of honor. His refusal to fulfill the promise that would have made her his at once, gives color to the belief that he was scheming to be rid of her (cf. *Thorpe* v. *Thorpe*, 9 R. I. 57). He could not have acted differently if he had been seeking from the beginning to provoke her to a course of conduct that would free him from the performance of his duty as her husband. With all these affronts, she maintained her wifely station. In declining to live with him, she did so with reservations and conditions: she would live apart till he kept faith with her, and then she would be his. We have said that she was wrong (242 N. Y. 75). The adjudication then made binds us, however emphatic the dissent. We have no thought to depart from it. Plainly, however, she was not wrong in such a sense or in such a degree as to betoken defiance of duty, a "rebellious and unrepentant" spirit (*Bohmert* v. *Bohmert, supra*, p. 452), a will to live apart whether the law approved or frowned. She invoked the law to aid her. The moment it condemned her, she bowed to its command.

We think a term of separation may not be said to constitute as a matter of law a definitive abandonment when

it is bounded by a law suit, maintained upon reasonable grounds and with sincerity of conviction for the very purpose of determining whether the separation shall continue. No doubt the interval has been a long one, nearly five and a half years, between marriage and submission. At first the husband was the plaintiff in an unfounded action for annulment. The wife postponed, it seems, her suit for separation until his had been dismissed. But if the time has been long, the defendant could have made it short. There has never been a day in all these years when he might not have had the plaintiff as his own if he had done what a man of honor and a gentleman should have been prompt and glad to do. One is not aggrieved by a separation thus fostered and prolonged.

A plea of former judgment has been urged. It has no basis in the record. There was no holding in the former suit that the plaintiff's conduct toward her husband had the force of an abandonment. There was not even a holding that she had refused to make her home with him. The holding was merely this, that in refusing him the privilege of sexual intercourse she was guilty of such misconduct as to bar her claim for support while the misconduct continued (242 N. Y. 74). The defendant did not counterclaim for a separation either on the ground of abandonment or on any other. If a decree for separation had been given him, another question would be here (*Silberstein* v. *Silberstein,* 218 N. Y. 525).

Whatever her errors may have been, the plaintiff is the defendant's wife. He has never offered her a home, nor paid a dollar to maintain her. Not yet has the law released him from the duty of support.

The judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG and O'BRIEN, JJ., dissent.

Judgment accordingly.