KATHERINE T. MAXWELL, Plaintiff, *v.* GEORGE L. MAXWELL, Defendant.

Supreme Court, Special Term, New York County, October 26, 1938.

*Battle, Levy, Fowler & Neaman* [*Edgar A. Buttle* and *John D. Graves* of counsel], for the plaintiff.

*Choate, LaRocque, Mitchell & Ely* [*Clarence Blair Mitchell* and *H. Henry Ramm* of counsel], for the defendant.

McLAUGHLIN (CHARLES B.), J. As an action for separation is not one of those specifically enumerated in the eight numbered subdivisions of rule 113, the motion may not be granted unless the following paragraph of rule 113 is applicable here: " Where an

answer is served in any action setting forth a defense which is sufficient as a matter of law, *where the defense is founded upon facts established prima facie by documentary evidence or official record,* the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record." (Italics ours.)

The defendant contends that a previous judgment in the prior action between the same parties is *res adjudicata* that plaintiff abandoned defendant *with intent not to return,* and bars the plaintiff's present action. This court cannot agree with that claim. The plaintiff's previous action was based solely on charges that the defendant had been guilty of cruelty and that defendant refused to support her. The answer did not contain any counterclaim for a separation, although, in addition to denials of the allegations of the complaint, it set up as a defense that plaintiff had abandoned the defendant without cause or justification and with the intention not to return. It follows that the finding in the previous action of an *intent not to return* was not essential to the determination of the action and is not binding upon the plaintiff in the present action. Taking up first the plaintiff's claim of cruelty — if the plaintiff established her charges of cruelty, then her abandonment of the defendant would be justifiable, while if she failed to establish cruelty on the defendant's part her complaint had to be dismissed without any necessity of considering the question of whether she unjustifiably abandoned the defendant *with intent not to return.* Taking up the charge of non-support — if the plaintiff established this charge, then it was immaterial whether or not she left the defendant *with intent not to return,* for her abandonment of the defendant would be *justifiable* if he failed to support her. It was not necessary for the defendant, in order to justify his failure to support the plaintiff, to establish that she abandoned him *with the intention of not returning. If plaintiff left him, even though she may have intended to return, he was under no duty to support her while she remained away without justification.* The question of whether or not plaintiff intended to return would be material only if the defendant were counterclaiming for a separation. On the other hand, if the plaintiff failed to establish her charge of non-support, her complaint had to be dismissed regardless of the question of abandonment, and that question would, therefore, be immaterial to the determination of the plaintiff's action.

The language of Judge CARDOZO in *Silberstein* v. *Silberstein* (218 N. Y. 525, 528) seems to be in point here. In that case, too,

the wife had charged failure to support as well as cruelty, and the husband had not counterclaimed. The court held that a finding that the plaintiff had abandoned the defendant with intent not to return was not controlling in the later litigation since the finding of intent was not essential to a decision of the issues, the rule being that a judgment does not work an estoppel as to *unessential facts, even though put in issue by the pleadings and directly decided.* It is true that Judge CARDOZO points out that in the *Silberstein* case the defendant did not even set up the wife's misconduct in justification, but, reading the opinion as a whole, it seems that the result in the *Silberstein* case would have been the same even if there had been a defense of justification. *At any rate, this court cannot see how it was essential to a determination of the plaintiff's cause of action against her husband to determine whether or not she abandoned him with the intention not to return.*

It would, therefore, appear that, despite the finding in the prior action between the parties, the plaintiff may show that her leaving the defendant was not *with the intent not to return,* and this motion for summary judgment may not be granted, since it may only be granted if a good defense is " established *prima facie* by *documentary evidence or official record.*" (Rules Civ. Prac. rule 113.) It may be that the plaintiff's offers to return after the determination of the prior action were not made in good faith and that she is bound to lose at the trial. Bearing in mind, however, that the action is not one of those enumerated in the eight numbered subdivisions of rule 113 of the Rules of Civil Practice, and that the defendant may obtain summary judgment only if he establishes a good defense by *documentary evidence or official record,* the motion must be denied. *The alleged bad faith of the plaintiff's offers to return is not established by documentary or record evidence.*

Going further, and considering the ruling of the Court of Appeals in the case of *Mirizio* v. *Mirizio* (248 N. Y. 175, 179, 180), it would appear that there should be a trial as to the issue of whether or not under all the circumstances there was a final abandonment on the part of the plaintiff. Motion is denied.