ANNA B. O'LEARY, Appellant, v. PATRICK O'LEARY, Respondent.

Fourth Department, January 11, 1939.

*Cosgrove, Harter, Scanlon & Wright* [*Daniel Scanlon* of counsel], for the appellant.

*George S. Reed,* for the respondent.

TAYLOR, J. Plaintiff and defendant were married on November 11, 1929, and resided together at the home of plaintiff's father until April 7, 1930, at which time defendant left and went to live with his mother and brother. The marriage was not consummated. On May 1, 1930, the husband brought action against his wife for annulment of the marriage on the ground that she was physically incapable of entering into the marriage state. While the annulment action was pending the wife, on or about October 30, 1933, brought action against her husband for a judgment of separation, pursuant to section 1161 of the Civil Practice Act, upon the grounds of abandonment and of neglect and refusal to provide for her. The answer of the husband in that action admitted that he had abandoned his wife but denied that he had failed and refused to provide for her and, as a defense and counterclaim, alleged that his wife had refused to cohabit with him, and that she had treated him in a cruel and inhuman manner, that she had assumed a violent attitude toward him and that she had thereby caused serious impairment of his physical and nervous condition so that he could not, in safety, continue to reside with her. He demanded judgment dismissing his wife's complaint and granting him a separation. After a trial of those issues, the court denied relief to either party and judgment was entered January 4, 1935, dismissing the plaintiff's complaint, with costs.

On January 9, 1935, the wife wrote to her husband, stating in substance that she was willing to forget their past differences and would like to begin anew and try to get along properly as husband and wife. The husband ignored this letter.

On February 8, 1935, the wife — whose time to answer in the annulment action (commenced May 1, 1930) had been extended from time to time — interposed her answer in which she denied her physical incapacity and counterclaimed for annulment upon the ground of her husband's alleged physical incapacity to consummate the marriage. This action was thereafter discontinued upon stipulation of the parties.

On July 11, 1935, the wife commenced this action for separation. She alleges in her complaint her willingness — and her husband's refusal — to resume the marriage relationship and his refusal, since the termination of the former action for separation, to provide for her support. In his answer the husband admits that he has refused and continues to refuse to support her but he denies that

she has requested him to pay for necessaries which she purchased. He further alleges, as separate defenses, that prior to his leaving her on April 7, 1930, she had denied him " the rights of a husband at all times without legal reason;" that the judgment of January 4, 1935, was upon the merits and was for the same cause of action alleged in her present complaint, and that her offer of January 9, 1935, to live with him as his wife, was not made in good faith. The only relief which he demanded was the dismissal of the complaint.

The evidence which was adduced upon the trial consisted of (1) the testimony of the plaintiff wife that she was and always had been desirous of resuming marital relations with the defendant and had so written him immediately after the termination of the former separation action; that she had purchased and charged to him a few necessaries for which he had refused to pay, and that she had attempted to talk with him but that he would not speak to or with her and had walked away, (2) the testimony of the defendant who, when called as plaintiff's witness, testified that he would not live with her under any circumstances, (3) the judgment roll in the former separation action, and (4) a transcript of the testimony in that action. Upon these proofs, plaintiff rested her case. Defendant moved to dismiss the complaint upon the grounds that the plaintiff had failed to establish any cause of action and that the judgment in the former action was *res judicata*. The court reserved decision on this motion and the defendant rested his case. Thereafter, the court filed its memorandum opinion in which it directed dismissal of the complaint upon both of the grounds stated in defendant's motion.

The first question which is presented by plaintiff's appeal is whether the judgment in the prior action is *res judicata*. Examination of the record in that action discloses that relief was denied to either party upon the ground that neither had made out a cause of action against the other. The court found that the marriage had not been consummated and that defendant married plaintiff in good faith, desiring a wife and children, but did not find that plaintiff was at fault in these respects. The court also found that the wife, upon at least two occasions, had struck her husband but did not find that the wife, by these two attacks quite trivial in nature, was guilty of such misconduct as to permanently release defendant from his obligation to provide for her. The foregoing findings by the court and the statement in its memorandum opinion that " Neither party has made out a cause of action against the other. Upon the facts presented they should be left where they are found," indicate that the court believed that a reconciliation of the parties was possible and might be effected. Under such

circumstances, the judgment in the former separation action is not *res judicata* in respect to the issues in the present action. (*Mirizio* v. *Mirizio*, 248 N. Y. 175, 181; *Silberstein* v. *Silberstein*, 218 id. 525, 528.)

The second and final question which remains to be determined is whether plaintiff's complaint was properly dismissed upon the ground that plaintiff had failed to establish her cause of action. I do not find sufficient support in the record for a dismissal of plaintiff's complaint upon this ground. Plaintiff's proof established both the defendant's abandonment of her and his neglect and refusal to provide for her. The only proof which defendant offered was the transcript of the testimony given on the trial of the former action and this offer was limited to two purposes: First, as bearing upon the question of *res judicata* and " Secondly, as bearing upon this trial as evidence given by this plaintiff on the former trial in connection with my cross-examination." I do not find in this transcript any admissions by plaintiff which in any way tend to defeat her present cause of action. Although defendant alleges in his answer that plaintiff's offer to live with him as his wife was not made in good faith, his testimony — that he would not live with plaintiff under any circumstances — and plaintiff's testimony that she was willing to live with him, leave no basis for a finding that her offer was not made in good faith.

The judgment should be reversed on the law, with costs, and a judgment of separation and separate maintenance and support granted in favor of plaintiff, with costs. (See *Holmer* v. *Holmer*, 253 N. Y. 498.) The matter should be remitted to the Special Term to determine the amount of alimony to be awarded to plaintiff.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment reversed on the law, with costs, and judgment for separation and separate maintenance and support granted in favor of plaintiff, with costs, and matter remitted to the Special Term to determine the amount of alimony. New findings of fact made.