LAURA SOLOMON, Respondent, *v.* CHARLES SOLOMON, Appellant.

Argued February 25, 1943; decided April 22, 1943.

338

*Charles Rothenberg, Harvey I. Harris* and *Julian V. Carabba* for appellant.

*Joseph J. Dreyer* for respondent.

RIPPEY, J.   Plaintiff and defendant were married in Brooklyn on May 27, 1929, and thereafter lived together and cohabited as husband and wife until May, 1934.   There is no issue of the marriage.

On February 11, 1938, nearly four years after the separation, Mrs. Solomon commenced an action against her husband for a separation and support. In her verified complaint in that action, she detailed a course of cruel and inhuman treatment toward her by the defendant during the period in which they lived together which rendered it unsafe and improper for her longer to live and cohabit with him and accordingly she separated from him in May, 1934. As an additional ground for a decree in her favor, she set up the defendant's failure to furnish her with support and maintenance. Issue was joined and the issues raised by the pleadings were exhaustively litigated. The trial court found, upon the merits, that "there was no cruel and inhuman treatment, no conduct which made it unsafe or improper for the plaintiff to cohabit with the defendant and no failure of the defendant to provide for the plaintiff," and dismissed the complaint. The defendant counterclaimed for a separation on the ground of abandonment. On that issue, the trial court found that plaintiff left the defendant without reason, without the defendant's consent and with no intention to return, and granted a judgment of separation to the defendant on the ground of abandonment. Upon appeal, the Appellate Division modified the judgment by dismissing the counterclaim and otherwise in all respects affirmed (256 App. Div. 959). As a basis for such modification, the Appellate Division reversed the finding of the trial court that the plaintiff left the defendant without his consent and with no intention to return and made a new finding that the separation was by consent. This court, without opinion, unanimously affirmed (282 N. Y. 565).

Decision in the foregoing action was handed down by the Court of Appeals on December 28, 1939, and on January 11, 1940, an order was entered in the office of the clerk of Kings county upon the remittitur. On March 1, 1940, the plaintiff commenced the action at bar against her husband for a separation and support on the ground that the defendant had refused to live with her, establish a home for her, or otherwise maintain and support her according to his means and ability. At the end of the trial the court rendered an opinion in which he included his findings of fact and conclusions of law upon which judgment was entered in the office of the clerk of Kings County

on May 9, 1941, dismissing the complaint on the merits, with costs. The trial court found that there were no reasonable grounds for plaintiff making the charges against the defendant in the prior action and that the plaintiff, preliminary to the commencement of the present action, had made no *bona fide* offer to return and that she had no intention to return to the defendant. On appeal to the Appellate Division, those findings of fact were reversed and new findings of fact and conclusions of law were made to the effect that the parties were living apart by consent, that the plaintiff was entitled to return to her husband and that his obligations to receive and support her were resumed upon her offer to return, which offer was made in good faith and with the intention upon her part to return to the defendant. It was further found by the Appellate Division that the charges which she made against the defendant in the prior action for a separation did not estop her from returning. Upon those findings, the Appellate Division directed judgment in favor of the plaintiff and from that judgment the defendant has appealed to this court.

It was conclusively and finally adjudicated in the former action that the charges made by the plaintiff against the defendant were untrue. Upon reiteration of them by the plaintiff on the trial in the present action, the trial court found that those charges were false. Although it was finally adjudicated in the former action that, since the defendant agreed to the separation, the defendant was not entitled to a decree of separation on the ground of abandonment, yet it appears from the plaintiff's own testimony given at this trial that the defendant objected to her leaving him originally and finally agreed to the separation only when he found that she was not willing to live with him. Having left the defendant voluntarily, the plaintiff certainly is not entitled to a decree of separation on the ground that the defendant has abandoned or failed to support her unless she shows at least that she has offered in good faith to return and intends to carry out in the future her marital obligations. In an action for such relief, the law is well-settled. When married persons are living separate and apart by consent, either one who has not willfully repudiated or violated the obligations of the marriage may terminate the separation by requesting in good faith a renewal both of the marital relation and its obligations and, if the other

refuse, such refusal will furnish the basis of an action for separation on the ground of desertion. " To entitle one to a divorce under such circumstances, the offer of return must be made in good faith, it must be free from improper qualifications and conditions, and it must be really intended to be carried out in its spirit if accepted " (1 Bishop, Marriage, Divorce and Separation [1891] §§ 1705–1708).

Up to January 11, 1940, when the judgment of this court was finally made the judgment of the Supreme Court in the former action, the plaintiff had made no effort at reconciliation with the defendant. Having thus lost her suit for alimony and apparently desirous of starting a new action, she promptly consulted her attorney and others. Thereupon she reached the defendant by telephone and asked him for an interview. She said to him that it seemed to her the litigation was over and that she could not stand any more and she asked him to meet her. Later, over the telephone, he asked her to be more specific as to what she wanted to talk about, but she made no statement that she wanted a reconciliation and desired to go back to live with him again, nor did she say anything about forgiving or forgetting the past or that she regretted the former litigation in which she had made the charges against him. It was not until he failed to call her within the following two days, as she says he had agreed to do, that she asserted, and then in writing, that she desired to live with him as his wife and to establish a home together. His failure to make a requested reply brought the statement, again in writing, that she could " only assume that you have decided not to live with me." The defendant had not rejected a reconciliation. " When the wife leaves the husband and without justification brings an action against him for separation, the husband's marital duty to her is reduced towards a minimum," and it is not " his duty to pay amorous court to a rebellious and unrepentent wife to induce her to. return " (*Bohmert* v. *Bohmert*, 241 N. Y. 446, 452). The learned trial court said, " If she really wanted to live with the defendant, she would have told him so on the telephone and her letters would have taken a form less suggestive that they were written on advice of counsel."

The defendant had no obligation to accept the offer and take the plaintiff back to test out the question as to whether the offer to return was made in good faith with an intention to resume continuance of the marital relationship. Spontaneous and conciliatory demonstration of good faith on her part to return and resume marital relations and obligations previous to defendant's acceptance of her offer to return was, at least, required. Here, she testified that she was sorry that she was unsuccessful in the former suit and it appeared that she had neither forgotten his conduct toward her nor forgiven him for his alleged bad treatment of her. She disclaimed on the present trial any definite or recognizable affection for the defendant. Even convenience or necessity would not be expected to be a sufficient inducement to a woman to admit the possibility of a safe return to live with a man such as the plaintiff has pictured her husband to be. As the trial court points out, her assertion that she believed that his experience in the former litigation (which he won) after the Court of Appeals decision was such as to make him a better man was hardly consistent with the idea that he was a safe man with whom to live and to whom she desired in good faith to return. The respondent failed to establish upon this trial that she made her offer to return to the defendant in good faith or that she intended her offer to return to be carried out in its spirit, if accepted.

Furthermore, the plaintiff had no absolute right in this action to go back and live with her husband and compel him to accept her. Upon the conceded facts she desired to live away from him. She insisted on living away from him regardless of whether or not he agreed to the separation and while living away from him she asserted, and even today asserts, that he treated her in manner which justified the separation. A cause of action for separation or divorce cannot be based upon the dereliction of one party to a marriage where there has been consent to or condonation of the dereliction. Accordingly, we held in the former action that the plaintiff's refusal to live with the defendant did not entitle the defendant to a decree of separation since the defendant gave his consent, even though reluctantly and because he did not wish to invoke legal remedies against a recusant wife. None-

theless, the wife was recusant, and thereafter, by bringing an action against her husband, committed a wrong against him. These facts cannot be disregarded when the wife, claiming belated repentence, demands restoration of marital relations which she has ignored and spurned. She has no absolute rights to compel her husband to resume marital relations in such circumstances.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

FINCH, J. (dissenting). After the determination in the prior actions, that neither party had made out a cause of action for separation against the other, either party had the right to offer in good faith to resume cohabitation with the other (*Bohmert* v. *Bohmert,* 241 N. Y. 446, 453; *Silberstein* v. *Silberstein,* 218 N. Y. 525, 527, 529). That the litigation was bitter and that a number of years had elapsed during which the litigating parties had lived apart are not sufficient to defeat the plaintiff's right since the plaintiff, as soon as it was finally determined that she had no legal cause to live apart from her husband, offered to resume cohabitation with him (*Mirizio* v. *Mirizio,* 248 N. Y. 175, 181). It is not required that plaintiff put out of her memory all the unfortunate differences that had occurred during her marital life, but simply that she intend to return to her husband unconditionally if he accept her offer. In *Williams* v. *Williams* (130 N. Y. 193, 198) it was said: "But upon the plaintiff's offer to return unconditionally, the defendant was without legal excuse in refusing to receive her."

In the case at bar, the wife's testimony that she made the offer to return in good faith stands uncontradicted because the defendant did not take advantage of the opportunity to present evidence to the contrary. In addition, the trial judge was justified in concluding that the defendant would have rejected any offer to return, whether made in good faith or not. Under such circumstances the following language used by the court in *O'Leary* v. *O'Leary* (256 App. Div. 130, 133) is applicable here: "Although defendant alleges in his answer that plaintiff's offer to live with him as his wife was not made in good faith,

his testimony — that he would not live with plaintiff under any circumstances — and plaintiff's testimony that she was willing to live with him, leave no basis for a finding that her offer was not made in good faith."

The judgment appealed from should be affirmed with costs.

LEHMAN, Ch. J., LOUGHRAN and CONWAY, JJ., concur with RIPPEY, J.; FINCH, J., dissents in opinion in which LEWIS and DESMOND, JJ., concur.

Judgment accordingly.