ALICE MORRIS, Appellant, *v.* LAWRENCE L. MORRIS, Respondent.

First Department, November 26, 1943.

*Adolph S. Ziegler* of counsel (*Harry H. Lipsig,* attorney), for appellant.

*Joseph H. Muller* of counsel (*Hartman, Sheridan & Tekulsky,* attorneys), for respondent.

COHN, J.  The action is for separation instituted by plaintiff against defendant for nonsupport and abandonment.

Upon an appeal taken in a prior action between the same parties, this court reversed a judgment of the Special Term insofar as it awarded a separation to plaintiff for cruelty and abandonment and affirmed that portion which directed a dismissal of a counterclaim interposed by defendant seeking a separation for the alleged abandonment of him by plaintiff. This court found that neither party had established a cause of action against the other.  It was decided that the difficulty between the parties arose out of incompatibility of temper and that there was no justification for a legal separation.  We said " The differences between the parties are not so great as to warrant the conclusion that they may not be reconciled." (*Morris* v. *Morris,* 260 App. Div. 6.)  When the decision of this court upon the appeal was rendered in June, 1940, defendant immediately discontinued alimony payments which he had been making

pursuant to the judgment theretofore entered. Until compelled to do so by an order of the Domestic Relations Court, he made no further provision for plaintiff's support. She thereupon made many endeavors to effect a reconciliation but her offers were all spurned by defendant. The present suit was then commenced.

In his answer to the complaint in this action defendant claimed that plaintiff's offers to return were not made in good faith nor within a reasonable time. He also set up two counterclaims, in the first of which he alleged that ever since July 21, 1938, plaintiff had willfully abandoned him and that such abandonment was effected with intent of not returning and in the second counterclaim defendant alleged that because of the false accusations made by plaintiff in her complaint and affidavits in the first action between the parties, she was guilty of cruel and inhuman conduct rendering it unsafe for defendant to live with her.

At the trial, plaintiff showed that several months after this court had decided the prior appeal and in September, 1940, she endeavored to communicate with defendant but was at first unable to find him. She subsequently located him in October, 1940, with the aid of a representative of the Domestic Relations Court where she had gone to seek support. At a meeting which was arranged by an official of that court, defendant upon being advised that plaintiff wished to return, stated '' he would have to think it over.''

Hearing nothing further from defendant, plaintiff, on November 14, 1940, wrote the following letter to him:

'' Dear Louis,

'' After thinking the whole thing over, I have come to the conclusion that perhaps we both made mistakes. I am willing to overlook everything and let bygones be bygones and let us both make a new start.

'' In spite of everything I still love the children and I know they still love me too.

'' I hope there will be a new start and a brighter future.

'' As ever your wife,

ALICE ''

This communication elicited no response.

Later and on November 27, 1940, defendant in the presence of his wife, was asked by a Justice of the Domestic Relations Court, if he desired a reconciliation. He advised the court that it required serious consideration; that he could not decide on the spur of the moment; that he would like to take her back but he

feared it. The next month a final attempt to bring the parties together was made by an agent of the Jewish Social Service. Defendant informed the social service worker that he did not contemplate a reconciliation at that time.

Thus, we think plaintiff established that she had repeatedly offered in good faith to return to defendant and that she intended to carry out in the future her marital obligations.

It is argued that plaintiff's offers were not made within a reasonable time after her departure in July, 1938. This contention overlooks the fact that litigation between the parties in which plaintiff was at first successful had not terminated until June, 1940, and that in its decision this court clearly indicated that the differences between the parties were not too great to preclude reconciliation. Plaintiff, by her repeated efforts to return to her husband, evinced an honest desire to act upon the suggestion made by this court. Moreover, we have already held that the voluntary departure of plaintiff in July, 1938, was not an abandonment. Not every separation is an abandonment. "Separation to be abandonment must be obstinate and hardened." (*Mirizio* v. *Mirizio,* 248 N. Y. 175, 180; see, also, *Silberstein* v. *Silberstein,* 218 N. Y. 525, 529.)

Where, as here, plaintiff has left defendant voluntarily and thereafter she shows that she has offered in good faith to return and intends to carry out in the future her marital obligations, defendant is under a duty to accept his wife's offer to return. (*Solomon* v. *Solomon,* 290 N. Y. 337, 340; *Bohmert* v. *Bohmert,* 241 N. Y. 446.) In *Solomon* v. *Solomon* (*supra*) RIPPEY, J., at page 340, states the law as follows: "In an action for such relief, the law is well-settled. When married persons are living separate and apart by consent, either one who has not willfully repudiated or violated the obligations of the marriage may terminate the separation by requesting in good faith a renewal both of the marital relation and its obligations and, if the other refuse, such refusal will furnish the basis of an action for separation on the ground of desertion. ' To entitle one to a divorce under such circumstances, the offer of return must be made in good faith, it must be free from improper qualifications and conditions, and it must be really intended to be carried out in its spirit if accepted ' (1 Bishop, Marriage, Divorce and Separation [1891] §§ 1705–1708)."

In *Bohmert* v. *Bohmert,* (*supra*) POUND, J., said at pages 453, 454: " That a belated but genuine offer to return after an act of abandonment, even when followed by an action for separation on the ground of cruelty, cannot be shown as bearing on the

good faith of both parties or on the actual intent of the wife in leaving the husband and the willingness of the husband to receive her after her departure, does not follow. The question is whether, within a reasonable time after the separation, she wanted to live with him and he wilfully refused his consent. The facts and circumstances are always competent evidence on the question. Stubborn pride may continue for a long time before it bows its head. A wife who leaves her husband, sues him for separation and fails to establish her cause of action has not abandoned him as matter of law because the case does not come to trial for a year. Nor has he abandoned her when she herself disregards the marriage contract. (Civ. Prac. Act, § 1163; *Hawkins* v. *Hawkins,* 193 N. Y. 409, 412.) The parties are left as they were when neither establishes the right to a decree of separation."

In the circumstances of this case we think that the repeated, unconditional and unqualified offers by plaintiff in good faith to return to defendant, made within a few months after the determination of this court recommending a reconciliation, and defendant's continued refusal to consent thereto, sufficiently establish that defendant no longer wished to fulfill his marital obligations and that therefore plaintiff is entitled to a decree of separation upon the ground of defendant's abandonment. (*O'Leary* v. *O'Leary,* 256 App. Div. 130, 133.)

We find no warrant in the evidence for a decree of separation to defendant for abandonment and cruelty upon his counterclaim. The findings by the trial court that plaintiff willfully and wrongfully abandoned defendant on July 21, 1938, without just cause and with intent of not returning to him, are erroneous and are contrary to the findings made by this court upon the prior appeal.

In the record there is ample evidence to show the financial circumstances of the parties. Accordingly, we determine that plaintiff is entitled to an award of ten dollars a week for her separate maintenance and support.

The judgment dismissing plaintiff's complaint and granting defendant's counterclaim for a separation should be reversed, with costs, the counterclaim should be dismissed and a decree of separation is granted in favor of plaintiff, with alimony in the sum of ten dollars per week.

Townley, Untermyer and Callahan, JJ., concur; Dore, J., dissents and votes to affirm.

Judgment reversed, with costs, the counterclaim dismissed and a decree of separation granted in favor of plaintiff with alimony in the sum of ten dollars per week. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.