In the Matter of the Accounting of JANE S. SHIPLEY, as Administratrix with the Will Annexed of GEORGE H. SAVAGE, Deceased.

Surrogate's Court, Monroe County, May 1, 1951.

*Paul J. Suter* for Ruth P. Savage, petitioner.

*Eugene R. Cusker* for administratrix, respondent.

WITMER, S. Testator and petitioner were married in 1946, it being testator's second marriage. The presence in the home of some of his family through his first wife soon caused dissension, and in 1947 petitioner left testator and went home to her folks in Boston. Several letters which she then wrote to testator are in evidence, and indicate her continued love for him and desire to live with him apart from his prior family ties. Testator then went to Boston to see petitioner; and it is admitted that there they had a complete reconciliation, and that testator agreed to return to Rochester to wind up his affairs and then move to Boston to live with petitioner. The day after testator returned to Rochester he died suddenly from a heart attack.

Testator's will was made in 1931, and was admitted to probate by this court in January, 1949. Petitioner was not named, of course, in said will, but she has filed an election to take against the will, and has instituted this proceeding to compel respondent to account. Respondent contends that petitioner abandoned testator and hence is denied the right of election under subdivision 5 of section 18 of the Decedent Estate Law. The issue of abandonment has been tried.

Respondent relies exclusively upon the following bit of evidence (min. p. 13, testimony by Mrs. Virginia S. Broadwell in behalf of respondent concerning a conversation between Mrs. Broadwell and petitioner at Rochester, New York, the day after testator's death): '' I said to Ruth, ' There's a letter from you to Howard ', and she said, ' He didn't get it? ', and I said, ' No ', and she burst into tears and said, ' Thank God it was unopened '. She said she had written that she didn't want him to come back to Boston and that she had changed her mind.''

Respondent contends that under the principle of law recognized in *Solomon* v. *Solomon* (290 N. Y. 337, 340–341) the foregoing evidence is sufficient to establish that at the moment of his death testator was entitled to a separation by reason of abandonment, and that hence petitioner has no right of election herein.

Respondent has the burden of proof to defeat petitioner's rights as widow. She has not offered in evidence the letter referred to in the above-quoted testimony. Respondent's case stands, therefore, upon the testimony of Mrs. Broadwell that petitioner admitted that she had written to testator that he should not return to Boston because she had changed her mind. The full import of what petitioner wrote and of what she is alleged to have admitted is left to conjecture. Did she mean that she would not again live with testator under any circumstances; or were there merely other qualifying conditions which subsequent conversations might straighten out; or, indeed, did she mean that testator need not come back to Boston because she had changed her mind and would rejoin him in Rochester?

As the court stated at the trial, marriage and marital rights are too serious matters to be lightly dissolved. Petitioner's letters which are in evidence and testator's conduct after receiving them and the reconciliation agreement effected thereafter in Boston show that this marriage was far from a lost cause, and that petitioner had no intention of leaving her husband permanently. The slight evidence adduced by respondent of intention to abandon fails to sustain the burden required to prove that petitioner had abandoned testator; and the court holds that petitioner has the right of election in this estate, and that respondent must file her account herein.

Submit decree accordingly.