MARGOT E. AGHNIDES, Appellant-Respondent, v. ELIE P. AGHNIDES, Respondent-Appellant.

Argued April 11, 1955; decided June 2, 1955.

*Harold H. Levin* and *Andrew D. Heineman* for appellant-respondent. I. Plaintiff's " fortnight's visit " to her parents did not constitute an abandonment. In any event, defendant's unjustified rejection of his wife's early and unequivocal offers to return entitles her to a judgment of separation. Absent an abandonment, defendant had an absolute duty to accept plaintiff's offers to return. (*Silberstein* v. *Silberstein,* 218 N. Y. 525; *Mirizio* v. *Mirizio,* 248 N. Y. 175; *Bohmert* v. *Bohmert,* 241 N. Y. 446; *Williams* v. *Williams,* 130 N. Y. 193.) II. Defendant's unjustified rejection of plaintiff's unequivocal offers would entitle her to a separation even if she had abandoned him. (*Bohmert* v. *Bohmert,* 241 N. Y. 446; *Solomon* v. *Solomon,* 290 N. Y. 337; *Mirizio* v. *Mirizio,* 248 N. Y. 175; *Campbell* v. *Campbell,* 306 N. Y. 581.) III. Having then found that defendant, without justification, rejected the wife's offers, the Appellate Division should not only have reversed the judgment in favor of the husband and dismissed his counterclaims, it should also have granted a separation in favor of the wife.

*Harold H. Corbin, Edward J. Bennett* and *Edward R. Neaher* for respondent-appellant. I. An annulment should have been granted to defendant. (*Coppo* v. *Coppo,* 163 Misc. 249; *Doroff* v. *Doroff,* 283 App. Div. 688; *Shelby* v. *Shelby,* 278 App. Div. 604; *Friedman* v. *Friedman,* 187 Misc. 689; *Lapides* v. *Lapides,* 224 App. Div. 257.) II. The dismissal of plaintiff's complaint and the granting of the separation to defendant were right, even

though annulment was denied on technical grounds. (*Solomon v. Solomon*, 290 N. Y. 337; *Bohmert v. Bohmert*, 241 N. Y. 446; *Roberts v. Fulmer*, 301 N. Y. 277.)

FULD, J. In this action brought by plaintiff wife for a separation, defendant husband interposed a counterclaim for separation or, in the alternative, for an annulment on the ground that plaintiff, when she married him, never intended to have any children. The court at Special Term granted the husband's counterclaim for separation, and dismissed both the wife's complaint for separation and the husband's counterclaim for an annulment. The Appellate Division affirmed the dismissal of the latter two claims, but — reversing certain findings of fact and making new ones in their place — modified the judgment by dismissing the husband's counterclaim for separation as well. The parties were thereby left in the same position as they were before the litigation, and each has appealed from so much of the Appellate Division judgment as denied the relief originally sought.

The weight of the credible evidence supports the findings of the Appellate Division that the act of plaintiff in leaving home for a visit to her mother did not amount to an abandonment of her husband, that soon after her departure she unequivocally offered to return to him and that he rejected those proffers. Accordingly, not only was the Appellate Division justified in reversing the judgment of separation obtained by defendant, but, in our view, it was actually required to go further and grant plaintiff a judgment of separation. " If the wife's absence is a temporary one which has not ripened into an abandonment at the time she offers to return, it is the husband's duty to take her back " (*Bohmert v. Bohmert*, 241 N. Y. 446, 451), and an unjustified rejection by defendant husband of plaintiff wife's unconditional offer spells out an abandonment on his part entitling her to a judgment of separation. (See, e.g., *Campbell v. Campbell*, 306 N. Y. 581; *Solomon v. Solomon*, 290 N. Y. 337, 340–341; *Mirizio v. Mirizio*, 248 N. Y. 175, 179–180; *Silberstein v. Silberstein*, 218 N. Y. 525, 529.)

Turning to defendant's counterclaim for annulment, the Appellate Division was warranted in affirming Special Term's dismissal upon the ground that the evidence adduced was insuffi-

cient to establish that plaintiff possessed a premarital intention not to bear children; and, in any event, even if plaintiff had been guilty of such fraud, it would have been condoned by the subsequent cohabitation of the parties after defendant learned the facts constituting the alleged fraud (Civ. Prac. Act, § 1139).

The judgment of the Appellate Division should be modified and the case remitted to Special Term for further proceedings in accordance with the opinion herein.

CONWAY, Ch. J., DESMOND, FROESSEL and BURKE, JJ., concur with FULD, J.; DYE and VAN VOORHIS, JJ., dissent and vote to affirm the judgment of the Appellate Division.

Judgment accordingly.