MILDRED ZIEGLER, Appellant, *v.* MANNIE ZIEGLER, Respondent.

First Department, April 12, 1960.

*Irving I. Erdheim* of counsel (*Fred Lichtblau* with him on the brief; *Erdheim & Armstrong,* attorneys), for appellant.

*Emil K. Ellis* (*Jonas Ellis, Maurice Shire* and *Monte L. Morris* with him on the brief), for respondent.

MEMORANDUM BY THE COURT. Judgment affirmed, without costs. The *bona fides* of plaintiff's offer to return to defendant was properly an issue of fact to be determined by the trial court in the second action. This issue was decided adversely to plaintiff and there was adequate support in the record for such a determination. This is what distinguishes the instant case from *Silberstein* v. *Silberstein* (218 N. Y. 525) in which there was before the court only the pleading.

McNALLY, J. (dissenting). In this action for a judicial separation, plaintiff wife appeals from a judgment dismissing her complaint and granting a separation to the defendant by reason of plaintiff's abandonment of the defendant.

The parties were married in the County of New York on March 4, 1951. On November 21, 1957, plaintiff instituted an action for separation against the defendant upon the grounds of cruel and inhuman treatment and neglect and refusal to

provide for her. During the pendency of the prior action and on or about January 25, 1958, plaintiff removed from the marital domicile.

The trial of the prior action was had on March 28 and 31, 1958, and resulted in a decree dismissing the complaint. In the said action, the defendant did not plead by way of counterclaim or defense abandonment of him by the plaintiff. During the course of the said trial, plaintiff offered to return to the defendant; the defendant rejected the said offer. The findings of fact made in the prior action include the following: " 8. That plaintiff continued to reside in the said apartment and occupied the same bedroom with the defendant after the commencement of this action and until on or about January 25, 1958 when plaintiff left the home of the parties, without just cause or provocation, with the intent not to return, and at the time of the trial of this action, plaintiff had not returned to the abode of the said parties."

Subsequent to the said trial, plaintiff addressed two written offers to return to the defendant, respectively dated April 17 and 27, 1958. On May 2, 1958, defendant in writing summarily rejected the offers. Thereafter, and on or about February 14, 1959, plaintiff instituted this action for a separation on the ground of the defendant's abandonment of the plaintiff.

Defendant's answer sets forth four affirmative defenses and a counterclaim for a separation predicated on plaintiff's abandonment of him. The defenses and counterclaim are grounded on the finding made in the prior action that plaintiff had abandoned the defendant.

In the prior action, plaintiff sought a judicial separation by reason of cruel and inhuman treatment and failure to support her on the part of the defendant. Plaintiff did not there allege a cause of action upon abandonment nor did the defendant by way of defense or counterclaim allege abandonment on the part of the plaintiff. Under the pleadings and the proof of the prior action, the finding of abandonment of the defendant by the plaintiff was unnecessary to the disposition of the issues there present and it is not *res judicata* in respect of the issue of abandonment here presented for determination. (*Silberstein* v. *Silberstein,* 218 N. Y. 525, 528–529; *Karameros* v. *Luther,* 279 N. Y. 87, 91.) It was therefore incumbent on the trial court to determine, in the light of all the relevant and material circumstances prior and subsequent thereto, whether plaintiff on January 25, 1958 abandoned the defendant or departed from the marital domicile temporarily to abide the disposition of the then pending suit and separation.

The trial court erroneously held that the finding of plaintiff's abandonment of the defendant made in the prior action was *res judicata* in respect of the then existing facts and circumstances. Moreover, the trial court erroneously excluded evidence regarding plaintiff's intention at the time she left the marital domicile.

To constitute abandonment there must be present on the part of the person charged therewith the intent not to return. On that issue, plaintiff's testimony as to what her intent was when she left the defendant was competent and the exclusion thereof constitutes error. (*People* v. *Levan,* 295 N. Y. 26, 34.)

Plaintiff's prior action for separation was commenced November 21, 1957. She departed from the marital domicile on January 25, 1958, and two months thereafter, during the trial of said action, unequivocally offered to return to the defendant. Subsequent to the trial of the prior action, on at least two separate occasions, plaintiff offered to resume the marital relation. At the trial of the prior action, defendant rejected plaintiff's offer. His testimony then was:

" Q. I asked you last Friday whether or not you loved your wife and you wanted her back, and I think you said No; is that correct? A. That's right.

" Q. When did you change your mind, or when did you make up your mind that you didn't want her back? A. When I asked her a dozen and one times to drop this suit.

" Q. When was the last time, that is what I want to know? A. About two weeks before she moved out of the house.

" Q. That was when? A. In January, the early part of January.

" Q. Up until then you would have taken her back? A. That's right.

" Q. Now since she has moved out you want no part of her, is that correct; is that correct, Mr. Ziegler? A. That's right."

Defendant's letter of May 2, 1958, also rejected the written post-trial offers of the plaintiff to return to him.

This action was commenced on February 14, 1959. Prior to the commencement of this action, the defendant manifested no change of sentiment. Plaintiff's prosecution of the prior action for separation followed by her departure from the marital domicile did not constitute abandonment of the defendant. Although plaintiff did not prevail therein, enough appears to establish reasonable grounds therefor and plaintiff's departure from the marital domicile pending the said action is consistent with a separation to abide the trial of the action and does not amount to an abandonment. (*Silberstein* v. *Silberstein,*

*supra,* p. 529; *Bohmert* v. *Bohmert,* 241 N. Y. 446, 451, 453; *Mirizio* v. *Mirizio,* 248 N. Y. 175, 180–181; *O'Leary* v. *O'Leary,* 256 App. Div. 130.)

Moreover, in this Department the policy is to deny a spouse a judicial separation if pending the action the parties occupy the same premises. (*Berman* v. *Berman,* 277 App. Div. 560; *Rothenberg* v. *Rothenberg,* 8 A D 2d 703.) It is to be noted that at the close of the evidence in the prior action defendant moved to dismiss '' on the ground that at the time the action was commenced the parties were still living together.'' In the light of said policy, the physical separation of the parties during a separation action does not, absent other considerations, give rise to the inference or presumption of an abandonment on the part of the departing spouse.

If there was no abandonment by the plaintiff, it was the duty of the defendant to accept the return of the plaintiff. (*Silberstein* v. *Silberstein, supra; Bohmert* v. *Bohmert, supra,* p. 451; *Aghnides* v. *Aghnides,* 308 N. Y. 530, 532.)

If it be assumed *arguendo* that the plaintiff abandoned the defendant on January 25, 1958, then she is entitled to show that her offers to return were made in good faith and were arbitrarily rejected by the defendant. (*Campbell* v. *Campbell,* 306 N. Y. 581; *O'Leary* v. *O'Leary, supra.*)

This case does not involve, as did *Bohmert* v. *Bohmert* (*supra*), an offer in the prior action by the defendant to take back the plaintiff, followed by an interval of eight months during which plaintiff does not offer to return, and thereafter a total failure to present any proof to sustain the allegations of the complaint. At no time during the prior action did this defendant offer to take back the plaintiff. On the contrary, within a reasonable time of her departure it was the plaintiff who offered to return despite the fact that she was prepared to and did offer proof of the allegations of her complaint and it was the plaintiff who renewed her offers to return after the trial of the prior action. It was the defendant who consistently, repeatedly and arbitrarily rejected the offers.

Nor is this the case, as in *Solomon* v. *Solomon* (290 N. Y. 337), of a wife who pending the prosecution of a prior action, a period of almost two years, never offered to return, and after the final determination of said action offered to return to her husband, and, upon his failure to respond within a short time, instituted a separation action founded on abandonment during the trial of which she reiterated and manifested no regret as to the charges by her made in the prior litigation.

The judgment should be reversed and a new trial ordered.

Botein, P. J., Breitel, Valente and Stevens, JJ., concur in Memorandum; McNally, J, dissents and votes to reverse and order a new trial in opinion.

Judgment affirmed, without costs.