John J. O’Brien, J.
Defendant moves to dismiss the complaint in this divorce action on the grounds that there is an action pending for divorce between these same parties and that the cause of action in the instant complaint based on abandonment has previously been litigated. The parties have lived separate and a/part since September, 1962.
In 1964 plaintiff commenced an action for separation based on cruel and inhuman treatment. The complaint was dismissed at the close of the trial and the court made a finding that plaintiff had in fact abandoned defendant. In 1967 plaintiff commenced an action for divorce alleging causes of action based on adultery and on the alleged abandonment which occurred in 1962. In his answer to the cause of action based on abandonment defendant asserted a defense of res judicata predicated upon the findings of fact, decision and judgment in the 1964 separation action. A motion to strike the defense of res judicata was denied by Special Term and the order entered thereon was affirmed on appeal. (Zizzi v. Zizzi, 33 A D 2d 926.)
In June, 1970, plaintiff sent to defendant’s attorney a stipulation discontinuing the action which was commenced in 1967 but defendant refused to consent to the discontinuance. Plaintiff could thereafter have sought a court order pursuant to CPLR 3217 (subd. [b]) discontinuing the 1967 action. Instead plaintiff, in 1971, commenced the instant action for divorce based solely on abandonment.
*978 CPLB 3211 (subd. [a], par. 4) provides that upon a motion to dismiss based upon another action pending between the same parties the court need not dismiss but may make such order as justice requires. The cause of action for divorce in the 1967 action based on adultery is still pending. Plaintiff concedes in the moving papers that she cannot muster sufficient proof to support this cause of action. In view of this, I direct that an order be entered dismissing the:- cause of action for divorce in the 1967 action based on adultery. This dismissal is on the merits for the period of time alleged in the complaint when the adultery supposedly took place.
I am also of the opinion that the complaint in the 1971 action for divorce must be dismissed. Plaintiff contends that she has in good faith sought a resumption of marital relations and that defendant’s refusal of the same without just cause constitutes an abandonment and entitles plaintiff to maintain the 1971 action. Plaintiff relies to large extent upon the case of Campbell v. Campbell (281 App. Div. 127, affd. 306 N. Y. 581). In the Campbell case, however, the prior separation action had been discontinued by stipulation and the Appellate Division found that it had been implicit in the discontinuance of the prior action that there was to be a resumption of marital relations. When defendant husband unjustifiably and unlawfully refused to let the plaintiff wife return to live with him, the court found that his actions formed the basis for a later action by his wife based on abandonment. The history of litigation and factual situation in the instant case differ from the Campbell case.
The instant case does, however, parallel to large extent the case of Solomon v. Solomon (290 N. Y. 337). (For a good summary of the litigation in the Solomon case see Campbell v. Campbell [281 App. Div. 127, 133] and Ziegler v. Ziegler [10 A D 2d 270, 273].)
In the Solomon case there was a finding in the first separation action that the plaintiff’s charges were untrue and the court sustained the right of the husband to reject a reconciliation. (Also, see, Bohmert v. Bohmert [241 N. Y. 446, 451] where the court stated “If the wife’s absence is a temporary one which has not ripened into an abandonment at the time she offers to return, it is the husband’s duty to take her back ”.) In the instant case there was not only a finding in the original separation action that plaintiff’s charges were untrue, but there was also a finding that plaintiff had abandoned defendant. The res judicata effect of this finding of abandonment was upheld *979 in the 1967 action and I am unable to find that the defendant husband herein, some years later, had any obligation to accept a reconciliation offer of the plaintiff wife, even assuming that such an offer was actually made in good faith.
Defendant’s attorney may submit an order discontinuing the 1967 cause of action for divorce based on adultery and dismissing the 1971 action based on abandonment.
Costs are denied on the motion.